# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING, SR., | Case No. 1:15-cv-00414-LJO-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| M. D. BITER, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement and Standard

Plaintiff Larry Donnell King, Sr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 8, 2014. The case was transferred to this division on March 16, 2015.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Summary of Allegations**

Plaintiff, who is currently incarcerated at Kern Valley State Prison in Delano, California, brings this action against Warden M. D. Biter, D. Tarnoff, S. Tallerico, D. Foston, B. Daviega, J. Acebedo, J. Castro, and Lawless for failing to protect him, in violation of the Eighth Amendment of the United States Constitution. Plaintiff seeks damages, declaratory judgment, and an injunction requiring prison officials to remove the Bloods affiliation from his central file.

Plaintiff alleges that he is no longer affiliated with the Bloods, a "disruptive group," as he no longer promotes, engages in, or associates with Bloods activity. (Comp., p. 5.) However, prison officials still classify him as affiliated with the Bloods. Plaintiff alleges that he is at risk of harm from other inmates given his classification and refusal to engage in gang activities; and that

as a result of his refusal to participate in gang activities, he was attacked on August 11, 2011, and again on January 12, 2014.

On March 8, 2011, Plaintiff submitted an inmate appeal ("first appeal") seeking single cell status due to his fear his cellmate might harm him. Defendant Acebedo interviewed Plaintiff on April 5, 2011, and denied his first appeal. Defendant Castro reviewed that decision and approved it. Plaintiff then submitted his first appeal to the second level of review, where it was denied by Defendant Lawless in May 2011.

On March 21, 2011, Plaintiff submitted a second appeal ("second appeal") requesting that classification staff remove all documentation concerning the Bloods disruptive group from his file. On March 24, 2011, Defendant Tarnoff screened out Plaintiff's second appeal and told him he needed "to utilize the CDCR 22 process." (*Id.*) On March 26, 2011, Plaintiff responded to Tarnoff that the CDCR 22 process was useless, as the form itself stated it was not necessary for classification actions. Plaintiff's second appeal was thereafter rejected on April 7, 2011, without explanation.

On June 5, 2011, Plaintiff submitted a third appeal ("third appeal") asking prison officials to remove his gang affiliation from his central file because he was being harassed by other gang members for no longer engaging in gang activity. Defendant Tarnoff rejected the appeal on June 14, 2011, on the ground that it related to an action taken on September 21, 2005, and was therefore untimely.

During an unspecified time in 2011, Defendant Tallerico, the building counselor, held an appeal hearing and told Plaintiff he was not going to remove the gang affiliation from Plaintiff's file because he did not think Plaintiff should have it removed. Defendant Tallerico also rejected one of Plaintiff's gang affiliation appeals, purportedly because Plaintiff previously filed an appeal on that issue.[1]

On August 10, 2011, Plaintiff was attacked during the evening meal because of his refusal to engage in gang activity. During a subsequent disciplinary hearing, Plaintiff told the hearing

---

[1] It is not clear when this occurred or what appeal was rejected.

3

officer that he was defending himself and was attacked for refusing to promote gang activity. The hearing officer told Plaintiff to appeal it and tell his sob story to someone else.

On July 23, 2013, Plaintiff was placed in administrative segregation, and he informed the building officer he was not to be housed with any Blood gang members because they were hostile toward him due to his refusal to participate in gang activities.

On August 1, 2013, Plaintiff appeared before the classification committee, at which time Defendant Biter told him he was overreacting and if he felt afraid, he should become a sensitive needs inmate. Plaintiff asked if he needed to become a sensitive needs inmate in order to get the gang affiliation removed from his file. The committee told Plaintiff that he did and because he was documented as a Bloods member, he had to accept any cellmate, gang member or not.

A few weeks later, Plaintiff was celled with a Bloods gang member, inmate Locklin. Plaintiff's cellmate subsequently left for several months due to a court appearance, but he returned. On January 12, 2014, Plaintiff's cellmate was taken to the prison hospital for chest pain. When he returned, both inmates were handcuffed pursuant to policy. Inmate Locklin was released from his handcuffs first and he immediately began repeatedly striking Plaintiff in the facial area, stating, "You don't want to represent this Blood thang [sic] huh? This is what happens for being in here." (*Id.*, p. 4.)

Officers deployed their pepper spray in response and inmate Locklin stopped hitting Plaintiff, submitted to handcuffs, and was taken to the shower. Plaintiff was picked up from the ground and taken to a shower, where a nurse evaluated and documented his injuries. After Plaintiff was decontaminated, he was taken to the CTC, provided with medical care, and transported to Delano Regional Medical Center, where he received stitches in his scalp and face.

**B.     Eighth Amendment Failure-to-Protect Claim**

**1.     Legal Standard**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable

4

measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal quotation marks and citation omitted). "[P]rison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners" because "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer*, 511 U.S. at 833-34 (internal quotation marks and citations omitted); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). Prison officials are liable under the Eighth Amendment if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate, and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841 (quotations omitted); *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

### 2. **Findings**

The prison's inmate appeals process does not create any substantive rights, *see Peralta v. Dillard*, 744 F.3d 1076, 1086-87 (9th Cir. 2014); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), and to state a viable Eighth Amendment claim, Plaintiff must show a link, or causal connection, between each defendant's actions or omissions and a violation of his rights, *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. More than ordinary lack of due care is required to state an Eighth Amendment claim. *Id.* at 835; *see also Berg v. Kinchloe*, 794 F.2d 457, 459 (9th Cir. 1986) (prison officials must have "more than a mere suspicion that an attack will occur").

In this case, Plaintiff's allegations do not support a claim that Defendants Acebedo, Castro, Lawless knew of a substantial risk of serious harm to Plaintiff's safety resulting from Plaintiff's withdrawal from gang activity but nevertheless disregarded it. The allegations that they were involved in denying his first appeal seeking single cell status due to a vague concern of harm does not suffice. Likewise, Defendant Tarnoff's action in screening out Plaintiff's appeal seeking

removal of his gang affiliation from his central file falls short of showing that Tarnoff knowingly disregarded a substantial risk of serious harm to Plaintiff's safety, as does the allegation that Defendant Tallerico declined to remove the gang affiliation from Plaintiff's central file because he did not believe it should be removed. Finally, Plaintiff's allegations indicate that Defendant Biter informed him of the step that needed to be taken if Plaintiff had safety concerns but it appears Plaintiff did not take that step.

Plaintiff's allegations suggest the possibility that his focus was on securing single cell status and/or purging his gang affiliation from his central file without engaging in the process to address repudiation of gang ties and/or non-speculative threats to personal safety. The defendants named in this lawsuit were those arguably in the position to grant him single cell status or order the expungement of information from his central file rather than those best positioned to act in the face of a substantial risk of harm to him: custody staff directly responsible for the safety and security of the building in which he was housed. Liability under the Eighth Amendment requires a showing that the named defendants knowingly disregarded a substantial risk of serious harm to an inmate, and Plaintiff's allegations do not support a claim that those considering his inmate appeals and his classification committee request were deliberately indifferent toward his safety. That Plaintiff was attacked twice over an approximately two and a half year period does not substitute for the need to plead specific facts demonstrating subjective deliberate indifference, by each named defendant, to an objectively serious risk of harm.[2]

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983 for violation of the Eighth Amendment. The Court will provide Plaintiff with an opportunity to file an amended complaint in the event he is able to cure any of the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

---

[2] In other words, the mere allegation that Plaintiff was attacked does not evidence deliberate indifference by the defendants to a substantial risk of serious harm. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (post hoc, ergo propter hoc - or after this, therefore because of this - is a logical fallacy) (quotation marks omitted); *U.S. v. Linton*, 655 F.2d 930, 932 (9th Cir. 1980) (per curiam) (that a subsequent event is an effect of a prior event is the post hoc ergo propter hoc fallacy) (quotation marks omitted).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights. *Jones*, 297 F.3d at 934. Plaintiff must demonstrate a causal connection between each defendant's conduct and the violation of his rights, and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011). Further, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 25, 2015**                    /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE