UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING, SR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.D. BITER, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00414-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>[ECF Nos. 24, 28] |

   Plaintiff Larry Donnell King, Sr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

   Currently before the Court is Defendants' motion to dismiss the first amended complaint, filed July 20, 2016.

**I**

**PROCEDURAL BACKGROUND**

   Plaintiff filed the instant action on December 8, 2014. On July 27, 2015, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a cognizable claim for relief. (ECF No.

---

[1] Plaintiff declined United States Magistrate Judge jurisdiction on December 29, 2014. (ECF No. 4.)

1

1 11.)  Plaintiff filed a first amended complaint on August 24, 2015.  (ECF No. 12.)  On January 28, 2016, the Court screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable claim against Defendants Tarnoff, Tallerico, Acebedo, Castro, Lawless, and Biter for failure to protection in violation of the Eighth Amendment, but failed to state any other cognizable claims.  The Court granted Plaintiff the opportunity to file a second amended complaint or notify the Court of his intent to proceed on his failure to protect claim only against Defendants Tarnoff, Tallerico, Acebedo, Castro, Lawless, and Biter.  On February 8, 2016, Plaintiff notified the Court of his intent to proceed only on his failure to protect claim and dismiss all other claims and Defendants from the action.  Therefore, on February 12, 2016, the Court ordered this action shall proceed on Plaintiff's failure to protect claims against Defendants Tarnoff, Tallerico, Acebedo, Castro and Lawless (relating to an attack on August 10, 2011), and against Defendant Biter (relating to an attack in January 2014), and all other claims and Defendants were dismissed from the action for failure to state a cognizable claim for relief.

On July 20, 2016, Defendants filed the instant motion to dismiss the amended complaint.  Specifically, Defendant Tallerico argues there are no allegations setting forth a claim for relief against him, and Defendants Tarnoff, Acebedo, Castro, Lawless and Biter argue they are entitled to qualified immunity.  Plaintiff filed an opposition on August 5, 2016, and Defendants filed a reply on August 10, 2016. On August 22, 2016, Plaintiff filed a surreply.  On August 23, 2016, Defendants filed a motion to strike Plaintiff's surreply.

## II.

## DISCUSSION

### A.   Motion to Dismiss Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of

2

Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

As previously stated, Defendant argues that the Court should dismiss Plaintiff's second amended complaint because (1) Plaintiff fails to state a cognizable excessive force claim; and (2) Defendant is entitled to qualified immunity.

**B.      Complaint Allegations[2]**

Plaintiff, who is currently incarcerated at Kern Valley State Prison in Delano, California, brings this action against Warden M.D. Biter, D. Tarnsoff, S. Tallerico, D. Foston, B. Daviega, J. Acebedo, J. Castro, and Lawless for failure to protect him, in violation of the Eighth Amendment.

Plaintiff alleges that he is no longer affiliated with the Bloods, a "disruptive group," as he no longer promotes, engages in, or associates with Bloods activity. However, Plaintiff remains classified as affiliated with the Bloods based on information within his central file.

On March 21, 2011, Plaintiff submitted an inmate appeal requesting that all documents concerning his affiliation with the Bloods be taken out of his central file. Plaintiff also requested to not be housed with any Blood gang members. On March 24, 2011, Defendant D. Tarnoff rejected Plaintiff's inmate appeal at the first level and directed Plaintiff "to utilize the CDCR 22 process."

---

[2] This action is proceeding on Plaintiff's first amended complaint, filed August 24, 2015. (ECF No. 12.)

1   On March 26, 2011, Plaintiff responded to Tarnoff that the CDCR 22 process was useless, as
2  the form itself stated it was not necessary for classification actions.
3   On April 5, 2011, Defendant J. Acebedo conducted an interview and Plaintiff expressed his
4  concern for his safety based on the threats by members of the Blood gang.  Plaintiff's appeal was
5  denied without comment by Defendant J. Acebedo.
6   After J. Acebedo denied the appeal, Defendant J. Castro affirmed the decision by J. Acebedo.
7   On April 19, 2011, Plaintiff filed a second level response raising the same safety concerns.  In
8  May 2011, Defendant Lawless denied the appeal supporting the decisions by Defendants J. Acebedo
9  and J. Castro.
10   On June 5, 2011, Plaintiff submitted another appeal expressing his safety concerns and
11  requested that prison officials take the gang affiliation out of his central file and/or at least conduct an
12  investigation to show that he is not promoting, engaging in any acts concerning the Blood disruptive
13  group.  Defendant Tarnoff rejected the appeal on June 14, 2011, as untimely.
14   On August 10, 2011, Plaintiff was attacked during the evening meal because of his refusal to
15  engage in gang activity.  During a subsequent disciplinary hearing, Plaintiff told the hearing officer
16  that he was defending himself and was attacked for refusing to promote gang activity.  The hearing
17  officer told Plaintiff to appeal it and tell his sob story to someone else.
18   On July 23, 2013, Plaintiff was placed in administrative segregation, and he informed the
19  building officer he was not to be housed with any Blood gang members because they were hostile
20  toward him due to his refusal to participate in gang activities.
21   On August 1, 2013, Plaintiff appeared before the classification committee, and Plaintiff
22  informed Defendant M.D. Biter that he did not want to be housed with any disruptive Blood members
23  because he received threats from them.  Biter told Plaintiff he if he didn't take the "cellie" that they
24  gave him he was going to receive a rules violation for refusing a cellie.  Biter informed Plaintiff that
25  because he was documented as a Bloods gang member he had to be housed with a Blood.
26   Plaintiff was forced to cell with a Bloods gang member.  Plaintiff's cellmate subsequently left
27  for several months due to a court appearance, but he returned.  On January 12, 2014, Plaintiff's
28  cellmate was taken to the prison hospital for chest pain.  When he returned, both inmates were

handcuffed pursuant to policy. When Plaintiff's cellmate was released from his handcuffs, he immediately began repeatedly striking Plaintiff in the facial area, stated "You don't want to represent this Blood thang [sic] huh? This is what happens for being in here."

Officers deployed their pepper spray in response and Plaintiff's cellmate stopped hitting him, submitted to handcuffs, and was taken to the shower. Plaintiff was picked up from the ground and taken to a shower, where a nurse evaluated and documented his injuries. After Plaintiff was decontaminated, he was taken to prison hospital, and then transported to Delano Regional Medical Center, where he received stitches in his scalp and face.

### C.     Motion to Strike Surreply

As previously stated, Plaintiff filed a surreply on August 22, 2016.

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this instance, the Court did not grant Plaintiff leave to file a surreply and does not desire any further briefing to resolve the instant motion. Accordingly, the surreply will not be considered in these Findings and Recommendations and should be stricken from the record.

### D.     Failure to Protect

1.   <u>Allegations as to Defendant Tallerico</u>

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

5

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.  Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm.  Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Defendant Tallerico argues that there are no allegations setting forth a factual claim against him.

In his opposition, Plaintiff argues Defendant Tallerico failed to follow CDCR policy set forth in Title 15 of the California Code of Regulation.  (Opp'n at 2-3, ECF No. 25.)  Plaintiff also argues that he made known that Plaintiff was asking for assistance and expressed concern that the blood group was threatening to commit physical harm to Plaintiff.  (Id. at 4.)

In reply, Defendant Tallerico argues that Plaintiff's claim that he "failed to follow CDCR's regulations does not save his claim because there are no facts connecting Tallerico's supposed failures to any alleged constitutional violations.  Moreover, simply alleging a violation of prison policies does not state a claim under § 1983."  (Reply, at 2:26-3:1, ECF No. 26.)  Defendant further argues that the Court should find further amendment of the complaint to be futile because the allegations in the opposition fail to give rise to a claim for relief, and Plaintiff has previously amended the complaint and elected not to further amendment after given the option by the Court. (Id. at 3.)

Upon further review of the first amended complaint, the Court finds that Defendant Tallerico's argument has merit as there are not sufficient allegations giving rise to a claim for relief against him.  The issue now becomes whether Plaintiff should be granted leave to further amend the complaint as to Defendant Tallerico.  See, e.g., Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (pro se litigant

should be given leave to amend the complaint to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment).

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendants filed the instant Rule 12(b) motion and Plaintiff therefore requires either consent of the defendants or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). While the Court may not consider new allegations raised in an opposition to a motion to dismiss, the court *may* consider allegations in an opposition in deciding whether to grant leave to amend. Jacobson v. Schwarzenegger, 357 F.Supp.2d 1198, 1204 (C.D. Cal. 2004).

Defendant is correct that Plaintiff cannot assert an independent cause of action based on the purported violation of sections of the California Code of Regulations. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) ("state departmental regulations do not establish a federal constitutional violation."); see also K'napp v. Adams, No. 1:06-cv-01701-LJO-GSA (PC), 2009 WL 1292347, at *4 (E.D. Cal. May 7, 2009). However, in his opposition, Plaintiff contends that in 2011, he made it known to Defendant Tallerico, and others, that he was requesting their assistance "and expressed serious concern that the blood group was threatening to commit physical harm to Plaintiff." (Opp'n at 4:2-4.) "All three defendants [which included Tallerico] disregarded Plaintiff['s] plea for help even though Plaintiff explained to them that their duty is being responsible for the safe custody of inmates." (Id. at 4:5-7.) While the full extent of Defendant Tallerico's knowledge may be developed through discovery, at the pleading stage, Plaintiff's allegations are sufficient to give rise to a plausible claim for failure to protect in violation of the Eighth Amendment and leave to amend the complaint

7

should be granted.[3]  This is particularly so given that pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Accordingly, the motion to dismiss Defendant Tallerico should be granted, with leave to amend the complaint to cure the pleading deficiencies set forth above.

### E.  Qualified Immunity

Qualified immunity is "immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009) (citation and internal quotations omitted).  Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).

In resolving the claim of qualified immunity, the Court must determine whether, taken in the light most favorable to Plaintiff, Defendants' conduct violated a constitutional right, and if so, whether the right was clearly established.  Saucier v. Katz, 533 U.S. 194, 201 (2001); Mueller, 576 F.3d at 993. While often beneficial to address in that order, the Court has discretion to address the two-step inquiry in the order it deems most suitable under the circumstances.  Pearson, 555 U.S. at 236 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

On a motion to dismiss, the Court must accept the allegations in the complaint as true when determining whether a defendant is entitled to immunity.  Butler v. San Diego Dist. Attorney's Office, 370 F.3d 956, 963 (9th Cir. 2004).

---

[3] As mentioned, although new allegations may not be raised in an opposition to a motion to dismiss, the Court may consider such allegations in determining whether leave to amend should be granted.  Jacobson v. Schwarzenegger, 357 F.Supp.2d at 1204.

1.   <u>Defendants Tarnoff, Acebedo, Castro and Lawless</u>

Defendants Tarnoff, Acebedo, Castro and Lawless argue that they are entitled to qualified immunity because they were not aware of any specific threat of serious harm to Plaintiff.

Plaintiff seeks liability against Defendants Tarnoff, Acebedo, Castro and Lawless for failing to protect him from an attack on August 10, 2011 "by another disruptive Blood group member during the evening meal." (ECF No. 12 at 6.) In his first amended complaint, Plaintiff alleges that he is no longer affiliated with the Bloods, a "disruptive group," as he no longer promotes, engages in, or associates with Bloods activity. However, Plaintiff remains classified as affiliated with the Bloods based on information within his central file.

In the failure-to-protect context, the prison official is not required to "believe to a moral certainty that one inmate intends to attack another" before he is obligated to act, but "he must have more than a mere suspicion that an attack will occur." <u>Berg v. Kincheloe</u>, 794 F.2d 457, 459 (9th Cir. 1986) (citation and internal quotation omitted). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." <u>Farmer</u>, 511 U.S. at 838. However, prison officials are not free to ignore obvious dangers to inmates. <u>Id.</u> at 842; <u>Foster v. Runnels</u>, 554 F.3d 807, 814 (9th Cir. 2009). Prisoners "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." <u>Farmer</u>, 511 U.S. at 842. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." <u>Farmer</u>, 511 U.S. at 842; <u>Foster</u>, 554 F.3d at 814.

Although a defendant may raise a qualified immunity defense at early stages in the proceeding, courts have recognized that the defense is generally not amendable to dismissal under Rule 12(b)(6), because facts necessary to establish this affirmative defense generally must be shown by matters outside the complaint. See <u>Morley v. Walker</u>, 175 F.3d 756, 761 (9th Cir. 1999). Whether Plaintiff's constitutional rights were violated in this matter, and whether a reasonable official would have known

their conduct was violating an inmate's clearly established rights, hinges on further factual development in this action.  See Moss v. U.S. Secret Service, 572 F.3d 962, 974-975 (9th Cir. 2009) (where extra-record evidence is proffered or required to  determine the facts at hand, qualified immunity must be asserted in a summary judgment motion).

      Assuming the truth of Plaintiff's allegations, Plaintiff has alleged sufficient facts to support a claim for failure to protect based on his allegations that he communicated to each Defendant by way of inmate grievance and/or otherwise that he was receiving threats by Blood member gang members because he was being forced to house with them based on his affiliation set forth in his central file, despite the fact that Plaintiff did not promote the gang.  Plaintiff's allegations demonstrate that he communicated his safety concerns, which included threats by other Blood gang members, yet he was continued to be housed with such individuals.  Plaintiff's allegations are sufficient to give rise to a claim for relief, and at the pleading stage, a reasonable officer would have known that continuing to house and inmate with other inmates who were threatening harm to him would be a constitutional violation.  Further, having found Plaintiff communicated his specific safety concerns to Defendants, it was clearly established at the time of the alleged violation that a prison official may not fail to protect an inmate from harm by another inmate, and Defendants are not entitled to qualified immunity at this stage of the proceedings.

      2.      <u>Defendant Biter</u>

      The allegations in the first amended complaint with regard to Defendant Biter allege the following:

> On August 1, 2013, I was seen by the classification committee.
>
> During the classification hearing I told Defendant M.D. Biter that I didn't want to be housed with any disruptive Blood group members because I've been getting threats by them and that I have already been attacked by them for not [promoting] their gang activity.
>
> Defendant M.D. Biter told me that if I didn't like the cellie that they gave me that I was going to receive a 115 [rules violation report] for refusing a cellie.
>
> I then told Defendant Biter that I have submitted several 602 appeals requesting that he take the gang affiliation out of my c-file and or investigate so you can see that I don't participate, promote or cause violence for blood disruptive group.

>Defendant Biter then stated you are documented as a blood so I'm gonna house you with a blood.
>
>I was forced to cellie up with a Blood disruptive group member.
>
>Soon after being in the cell, my cellie had left to go to the court.
>
>He was gone for several months and during that time I did not have a cellie.
>
>When he returned from court I was once again forced to cell up with him.
>
>On January 12, 2014, my cellie went to the prison hospital claiming to have chest pains.
>
>When my cellie returned from the prison hospital, I was handcuffed behind my back through the food port as required by prison rules when housed in administrative segregation.
>
>While I was being handcuffed behind my back the correctional officer stood by with my cellie as they waited outside the cell.
>
>After I was handcuffed behind my back the correctional officer ordered that the cell door open so my cellie can enter the cell.
>
>When my cellie entered the cell I stood handcuffed behind my back and backed away from the door to allow my cellie to enter.
>
>My cellie entered the cell, the door was closed and he proceeded to get unhandcuffed, while I'm still handcuffed behind my back.
>
>Once my cellie got unhandcuffed he turns around and immediately start striking me repe[at]edly in my facial area.
>
>While striking repe[at]edly my cellie stated, "You don't want to represent this blood thang huh?  So this is what happens to niggas like you.["]

(Amd. Compl. at 11-12, ECF No. 12.)

Plaintiff's allegations, taken as true, demonstrate that Defendant Biter had knowledge of a substantial risk of serious harm posed by housing him with other Blood gang member inmates, and because it was clearly established at the time of the alleged failure to protect that a prison official may not fail to protect an inmate from harm by another inmate, Defendant Biter is not entitled to qualified immunity, at this stage of the proceedings.

///

///

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' request to strike Plaintiff's surreply be GRANTED;

2. The motion to dismiss as to Defendant Tallerico be GRANTED, with leave for Plaintiff to file an amended complaint after resolution of the instant recommendation; and

3. The motion to dismiss based on qualified immunity as to Defendants Tarnoff, Acebedo, Castro, Lawless and Biter be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 24, 2016**

UNITED STATES MAGISTRATE JUDGE