UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING, SR., <br><br>Plaintiff, <br><br>v. <br><br>M.D. BITER, et al., <br><br>Defendants. | Case No.: 1:15-cv-00414-LJO-SAB (PC) <br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION(S), DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT <br><br>[ECF Nos. 24, 28, 29] |

Plaintiff Larry Donnell King, Sr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 25, 2016, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and contained notice that objections were to be filed within thirty days. Defendants filed objections on November 23, 2016.

In their objections, Defendants argue that the Magistrate Judge applied the incorrect standard in evaluating whether they were entitled to qualified immunity. Defendants specifically argue that the qualified immunity inquiry requires the Court to determine whether the right was clearly established based on the particularized facts of the case, and the right cannot be defined at a high level of generality, citing Mullenix v. Luna, 136 S.Ct. 305, 308 (2015). Regardless of whether the right is defined more narrowly under the particular factual circumstances in this case, the Court cannot

1

determine, at this stage of the proceedings, whether Plaintiff's constitutional rights were violated and whether a reasonable official would have known their conduct was violating a clearly established right.  The extent of each the Defendants knowledge of Plaintiff's circumstances underlying his failure to protect claim hinges on further factual development in this action, namely, whether Plaintiff only expressed a generalized fear of an assault or a substantial risk of serious harm from an identifiable and reasonably preventable assault.  This is not to say that Plaintiff's allegations are true, but only that accepting them and the reasonable inferences that can be drawn from them in the light most favorable to Plaintiff, as we must at this stage of the proceedings, they are enough to survive a motion to dismiss for failure to state a claim on the basis of qualified immunity.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on October 25, 2016, are adopted in full;

2. Defendants' motion to dismiss is granted as to Defendant Tallerico and denied as to Defendants Tarnoff, Acebedo, Castro, Lawless and Biter;

3. The Clerk of Court shall send Plaintiff a civil rights complaint form; and

4. Within thirty days, Plaintiff may file an amended complaint to clarify the bases for his failure to protect claim as to Defendant Tallerico.  Plaintiff is advised that an amended complaint supersedes the original complaint.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint, and leave to amend is only to add factual allegations against Defendant Tallerico.  George v. Smith, 507

F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

IT IS SO ORDERED.

   Dated:   **January 30, 2017**                  **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES CHIEF DISTRICT JUDGE