UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING, SR., <br><br> Plaintiff, <br><br> v. <br><br> M.D. BITER, et al., <br><br> Defendants. | Case No.: 1:15-cv-00414-LJO-SAB (PC) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND MODIFICATION OF SCHEDULING ORDER <br><br> [ECF No. 38] |

Plaintiff Larry Donnell King, Sr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to compel, filed May 10, 2017.

**I.**

**RELEVANT HISTORY**

This action is proceeding on Plaintiff's failure to protect claims against Defendants Tarnoff, Tallerico, Acebedo, Castro and Lawless (relating to an attack on August 10, 2011), and against Defendant Biter (relating to an attack in January 2014).

On March 7, 2017, Defendants filed an answer to Plaintiff's complaint. On March 8, 2017, the Court issued the discovery and scheduling order.

As previously stated, on May 10, 2017, Defendants filed a motion to compel responses to discovery and request to modify the scheduling order. Plaintiff filed an opposition on May 22, 2017, and Defendants filed a reply on May 26, 2017.

**II.**

**DISCUSSION**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Defendants move this Court for an order compelling Plaintiff to provide full and complete responses to each of Defendants' interrogatories number 1, and requests for production numbers 1, 2, 3, 4, 5, and 7. Defendants also request the Court extend the deadline to file an exhaustion related motion for summary judgment until sixty days after Plaintiff provides complete responses.

In opposition, Plaintiff argues that all documentation is in Defendants' possession, control or equally available to them.

In reply, Defendants argue that nothing in Plaintiff's opposition justifies his refusal to respond to Defendants' written discovery; nor any reason why he believes Defendants have not acted diligently with respect to the defense of exhaustion of administrative remedies.

As previously stated, the Court issued the discovery and scheduling order on March 8, 2017, and set June 8, 2017, as the deadline for motions for summary judgment for failure to exhaust the administrative remedies. (ECF No. 37.) Defendants submit that on March 10, 2017, they each propounded a first set of interrogatories, consisting of three to four questions, dealing primarily with Plaintiff's exhaustion of administrative remedies. (Mark Decl. ¶ 2, Ex. A; ECF No. 38-2.) Defendants also propounded their first request for production of documents, consisting of six requests. (Id., Ex. B.) Defendants received Plaintiff's responses to the discovery on March 29, 2017. (Mark Decl. ¶ 2, Exs. A & C.) On April 6, 2017, Defendants propounded a second request for production and a second set of interrogatories. (Mark Decl. ¶ 5, Exs. F-G.)

On April 5, 2017, Defendants' counsel sent Plaintiff a letter addressing deficiencies in Plaintiff's initial responses and requested supplemental responses. (Mark Decl. ¶ 3, Ex. D.) Plaintiff's supplemental responses were unverified and Defendants argue did not cure many of the deficiencies in his initial responses. (Mark Decl. ¶ 4, Ex. E.) Defendants further argue that Plaintiff's responses to their second request for production and second set of interrogatories repeated the same type of deficient responses about which Defendants had already advised Plaintiff. (Mark Decl., Exs. D & E.)

**A.     Interrogatory Responses**

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Finally, responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney, who objects must sign any objections.")

### a. Verification of Responses

Plaintiff did not verify his supplemental responses to Defendants' first set of interrogatories, nor his responses to Defendants Biter's second set of interrogatories. Defendants' request for Plaintiff to provide verified supplemental responses to all of their interrogatories must be granted. Fed. R. Civ. P. 33(b)(5). Accordingly, the Court will direct Plaintiff to provide verified supplemental responses. Plaintiff's responses to Defendants' interrogatories must be dated and signed by Plaintiff, attesting under penalty of perjury to facts known by Plaintiff, in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

### b. Further Responses to Defendants' First Sets of Interrogatories No. 1

As previously stated, Defendants move for Plaintiff to provide further responses to their first set of interrogatories number one.

Interrogatory No. 1: Each set of interrogatories served by each Defendant asked, with respect to that propounding Defendant: "Identify by log number each and every inmate appeal submitted by you that you claim exhausted your administrative remedies for your claims against Defendant [] in this action." (Mark Decl., Ex A.)

Plaintiff's Initial Response: "Please refer to all inmate appeals currently in evidence. See Exhibit A, pgs. 2, 3d." (Id.)

Plaintiff's Supplemental Response: "Each and every 602 inmate appeal submitted by me as to all defendants that's currently into evidence i[llegible] say exhausted administrative remedies." (Mark Decl., Ex. E.)

Defendants are correct that Plaintiff's initial and supplemental responses are evasive and deficient because he did not identify by log number each and every inmate appeal he claims exhausted his administrative remedies as requested. Plaintiff's vague reference to documents "currently in evidence" is evasive because there are no documents "in evidence" at this time, and a general reference to documents is non-responsive. See Rainbow Pioneer No. 44-18-04-A v. Hawaii-Nevada, Inv. Corp., 711 F.2d 902, 906 (9th Cir. 1983). An evasive or incomplete answer must be treated as a failure to respond. Fed. R. Civ. P. 37(b)(4). Although Defendants bear the burden to raise and prove the absence of exhaustion, Defendants are nonetheless entitled to discovery from Plaintiff regarding

his exhaustion efforts. Accordingly, Defendants' motion to compel shall be granted, and Plaintiff will be directed to provide a complete, verified response to each of the Defendants' interrogatories number one.

### B. Requests for Production of Documents

Defendants submit that Plaintiff has not provided sufficient responses to six of the seven requests for production Defendants have propounded to date.

1. Requests for Production Nos. 1, 2, and 7

**a. Request for Production No. 1:**

"A copy of all documents related to your efforts to exhaust administrative remedies with respect to your claims against the Defendants in this lawsuit, including but not limited to any inmate appeals you identified in your responses to Defendant Tarnoff's, Lawless's, Biter's, Acebedo's and Castro's interrogatories and any related responses or rejection or screen-out letters at any level of review."

Plaintiff's Initial Response: "See Attachment A, one order Kern County Superior Court, one letter dated 8-8-16." (Mark Decl., Ex. C (Pl.'s RFP responses including documents produced).)

Plaintiff's Supplemental Response: "The document you request is currently in evidence based the 'Order Finding Service of First Amended Complaint Appropriate as to Defendants Tarnoff, Acebedo, Castro, Lawless, and Biter dated February 16, 2016. On page two it clearly states 'All CDCR form 602 documentation submitted in relation to this case," therefore all defendants have copies of all 602 appeals in this case. See attachment #1 order dated 2-16-16." (Mark Decl., Ex. E.)

**b. Request for Production No. 2:**

"A copy of all documents related to your allegations that you notified any or all of the Defendants that you were being threatened by Blood gang members."

Plaintiff's Initial Response: "The evidence requested is currently in evidence. 602 appeals." (Mark Decl., Ex. C.)

Plaintiff's Supplemental Response: "All documents that is requested are in the possession of defendants based on the attached order dated 2-16-16. See attachment #1" (Mark Dec., Ex. E.)

c. **Request for Production No. 7 (Defs' Second RFP):**

"All documents relating to any attempts by you to initiate CDCR's process for disassociating from the Blood Security Threat Group." (Mark Decl., Ex. G.)

Plaintiff's Response: "The document you request is currently in evidence based the 'Order Finding Service of First Amended Complaint Appropriate as to Defendants Tarnoff, Acebedo, Castro, Lawless, and Biter dated February 16, 2016. On page two it clearly states 'All CDCR form 602 documentation submitted in relation to this case,' therefore all defendants have copies of all 602 appeals in this case. See attachment order dated 2-16-16." (Mark Decl, Ex. E.)

**Ruling:** Defendants' motion to compel shall be granted. The documents Plaintiff's initially produced, a Kern County Superior Court order and a letter dated August 8, 2016, are non-responsive to the requests. (Mark Decl., Ex. C.) Furthermore, Plaintiff's supplemental responses that the documents requested are in the possession of the Defendants based on a service order dated February 16, 2016, is non-responsive. Although the Court did direct Plaintiff to submit "[a]ll CDCR Form 602 documentation submitted in relation to this case[,]" the request was made to facilitate the United States Marshal with service of process on each of the named Defendants. (ECF No. 17, Order at 2:20-21.) Defendants were not served with such documentation as they were not yet parties to the action. In addition, any of the form 602 documentation submitted by Plaintiff was forwarded to the Marshal's office and not retained by this Court or placed on the docket. In any event, Plaintiff is still obligated to identify and provide such documentation to Defendants in response to their requests for production, whether previously submitted to the Court or retained in his prison file. Fed. R. Civ. P. 34; <u>Bryant v. Armstrong</u>, 285 F.R.D. 596, 603 (S.D. Cal. 2012).

2. Requests for Production Nos. 3, 4, and 5

Defendants submit that Plaintiff has produced no documents responsive to these requests and his contention regarding an error in his First Amended Complaint does not excuse him from responding.

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in

the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

    **a.    Request for Production No. 3**

"A copy of any medical records evidencing any injuries you claim you sustained from the attack by an inmate on August 10, 2011 that you allege in your First Amended Complaint."

    **b.    Request for Production No. 4**

"A copy of any documents relating to the disciplinary hearing pertaining to the attack on August 10, 2011 that you allege in your First Amended Complaint."

Plaintiff's Initial Response: "A copy of the RVR for Chad Elie." (Mark Decl., Ex. C.)

Plaintiff's Supplemental Response: "Plaintiff has misstated on the complaint as to the date of 8-10-11. The date of the incident was 10-18-11." (Mark Decl., Ex. E.)

1     **c.    Request for Production No. 5**

"A copy of any documents supporting your claims for damages resulting from the attack on August 10, 2011 that you allege in your First Amended Complaint."

<u>Plaintiff's Initial Response</u>: "The evidence requested is currently in the possession of the Defendants." (Mark Decl., Ex. C)

<u>Plaintiff's Supplemental Response</u>: "Plaintiff has misstated in his complaint on the date of 8-10-11. The date of the incident was 10-18-11." (Mark Decl., Ex. E)

**Ruling:** Defendants' motion to compel shall be granted. Defendants' requests for production numbers 3, 4, and 5 seek responsive documents that are relevant to Plaintiff's claims and injuries, or would otherwise aid in their defense of this case. Plaintiff only identified and produced one document in response to request number 4, "a copy of the RVR for Chad Elie" and failed to produce any documents in response to requests numbers 3 and 5. (Mark Decl., Ex. C) Accordingly, Plaintiff's responses were insufficient. Indeed, Defendants notified Plaintiff that the RVR produced was for an incident on October 18, 2011, and Plaintiff responded that the date of the incident alleged in the complaint is erroneous as the true date was October 18, 2011, not August 10, 2011. (Mark Decl., Ex. E) Plaintiff's clarification of the date of the 2011 incident does not excuse his compliance with Defendants' requests. Plaintiff is required to produce documents fairly covered by Defendants' requests, and based on Plaintiff's clarification of the exact date of the alleged incident, Plaintiff was required to produce documents responsive to these requests based on the attack as alleged in the first amended complaint. Furthermore, the document produced in response to request 4, is a copy another inmate's disciplinary, which is not responsive to Defendants' requests pertaining to Plaintiff's disciplinary hearing for the 2011 attack. Accordingly, Plaintiff will be required to provide supplemental responses to requests 3, 4, and 5.

**C.    Modification of the Scheduling Order**

The Court has discretion to modify a deadline in a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). The touchstone for good cause is whether the party seeking the modification has been diligent. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).

Pursuant to the Court's March 8, 2017, discovery and scheduling order, the deadline to file an exhaustion-related motion for summary judgment expires on June 8, 2017. (ECF No. 37.) Based on Defendants' discovery requests, they have acted diligently in seeking to comply with the June 8, 2017, deadline to file an exhaustion-related motion for summary judgment. Defendants served their first set of discovery requests relating to Plaintiff's exhaustion efforts within two days of discovery opening. (Mark Decl. ¶ 2.) After Plaintiff responded to the initial requests, Defendants promptly conferred with Plaintiff in an attempt to avoid the filing of a motion to compel. (Mark Decl. ¶ 3, Ex. D.) Thereafter, Plaintiff served supplemental responses, which Defendants received on or about April 25, 2017. Because Defendants believed Plaintiff's supplemental responses were deficient, the instant motion to compel was filed on May 10, 2017. Defendants submit that proper responses to their discovery requests are necessary in order to evaluate whether a motion for summary judgment for failure to exhaust the administrative remedies is proper. (Mark Decl. ¶ 6.)

Based on the showing of good cause, the Court will extend the deadline for filing an exhaustion-related motion for summary judgment.

### III.

### CONCLUSION AND ORDER

Based on the foregoing, Defendants' motion to compel and request for modification of the scheduling order are GRANTED, and it is HEREBY ORDERED that:

1. Within **thirty (30)** days from the date of service of this order, Plaintiff shall file verified, supplemental responses to *all* of Defendants' interrogatories; a further verified response to Defendants' interrogatories number 1; and further responses to Defendants' requests for production numbers 1, 2, 3, 4, 5, and 7, as explained herein;

2. The deadline for the filing of a motion for summary judgment for failure to exhaust the administrative remedies is extended **September 8, 2017**;

///
///
///
///

3. All other provisions of the Court's March 8, 2017, scheduling order remain in full force and effect.

IT IS SO ORDERED.

Dated: __**June 1, 2017**__

UNITED STATES MAGISTRATE JUDGE