**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY DONNELL KING, SR., | ) Case No.: 1:15-cv-00414-LJO-SAB (PC) |
| Plaintiff, | ) |
| | ) ORDER DENYING PLAINTIFF'S MOTION |
| v. | ) TO COMPEL AND REQUEST FOR IMPOSITION |
| | ) OF SANCTIONS |
| M.D. BITER, et al., | ) |
| | ) [ECF No. 42] |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff Larry Donnell King, Sr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed June 5, 2017.

**I.**

**RELEVANT HISTORY**

This action is proceeding on Plaintiff's failure to protect claims against Defendants Tarnoff, Tallerico, Acebedo, Castro, and Lawless (relating to an attack on August 10, 2011), and against Defendant Biter (relating to an attack in January 2014).

Defendants filed an answer to the complaint on March 7, 2017.  On March 8, 2017, the Court issued the discovery and scheduling order.

On May 10, 2017, Defendants filed a motion to compel.  Plaintiff filed an opposition on May 22, 2017, and Defendants filed a reply on May 26, 2017.

On June 1, 2017, the Court granted Defendants' motion to compel and extended the deadline to file a motion for summary judgment for failure to exhaust the administrative remedies.

As previously stated, on June 5, 2017, Plaintiff filed a motion to compel.  Defendants filed an opposition on June 26, 2017, and Plaintiff filed a reply on July 10, 2017.

## II.

## DISCUSSION

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.   As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶4.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### A.    Timeliness of Defendants' Responses

Plaintiff contends that Defendants' responses to his requests for production of documents were untimely.  Plaintiff declares that he served his first request for production of documents on March 16, 2017, by mail.  (ECF No. 42 at 54.)  Defendants submit that they served their responses on May 1, 2017.  (Mark. Decl. ¶ 2.)  Pursuant to the Court's March 8, 2017, discovery and scheduling order,

3

responses to written discovery are due forty-five days after they are served.  (ECF No. 27, ¶ 2.)  Forty-five days from March 16, 2017, was Sunday, April 30, 2017.

On May 8, 2017, Plaintiff wrote a letter to Defendants requesting supplemental responses to his discovery requests.  Defendants responded to Plaintiff's letter on May 22, 2017.

Rule 6(a)(1)(C) provides that when the period is stated in days, "if the last day of the period is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).  In this instance, because the due date for Defendants' responses fell on Sunday, April 30, 2017, their responses which were served on Monday, May 1, 2017, were timely, and Plaintiff's contention to the contrary is rejected.

### B.     Plaintiff's Requests for Production of Documents

1.     Request for Production No. 1

In Request for Production No. 1, Plaintiff requested "All documents that contain, mention, construe, or refer to policies on staff supervision of inmates at Kern Valley State Prison Delano."

Defendants' initial response:

The request is not limited in scope or time and the discovery requested is not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(1).  Plaintiff's complaint alleges two discrete events, one in 2011 and one in 2014, yet Plaintiff seeks an unlimited type and number of documents, which "contain, mention, construe or refer to policies on staff supervision at Kern Valley State Prison."  Such omnibus requests are improper under Rule 34. …  The facial overbreath of Plaintiff's request renders it outside the scope of permissible discovery under Rule 26(b)(1), and [is] thus improper.

Defendants also object that this request is vague and ambiguous with respect to the term "staff supervision of inmates at Kern Valley State Prison" and on the grounds and to the extent this request seeks materials protected by the attorney-client or work product privileges; and seeks confidential information of CDCR, and staff and inmates within CDCR and information which, if disclosed to Plaintiff, an inmate, may jeopardize the safety of inmates and staff, and the security of CDCR institutions, including, but not limited to, Kern Valley State Prison.  Defendants further object that the request seeks confidential information regarding other inmates and staff protected by the right of privacy under the United States and California Constitutions; and federal and state law, including the federal Health Insurance Portability and Accountability Act (HIPAA), the California Information Practices Act and the Confidentiality of Medical Information Act; California Government Code § 6254(f); California Penal Code § 832.7; and California Code of Regulations, Title 15, §§ 3321 and 3370.  *See generally* Declaration of B. Hancock.

4

1
2
3
4
5
6

> Subject to and without waiving these objections, Defendants respond that non-confidential and non-privileged documents concerning staff supervision of inmates at Kern Valley State Prison are California Code of Regulations, Title 15, Division 3, Rules and Regulations of Adult Institutions, Programs and Parole Department of Corrections and Rehabilitation (Title 15); and California Department of Corrections and Rehabilitation Operations Manual (DOM).  Sections that relate generally to staff supervision of inmates include, but are not limited to, Title § 3270-3274; 3278, 3286 and 3287; and DOM Chapter 5, Articles 1, 16, 22, and 23, copies of which Defendants have produced: DEF0001-0031.  In addition, copies of the Title 15 and DOM are available to Plaintiff in the prison law library at his current institution.

7

(ECF No. 42 at 20-21.)

8
9
10
11

    <u>Supplemental Response</u>: Your letter fails to address Defendants' objections to this impermissibly broad request.  Nor do you specify what in addition to the thirty-one pages of documents produced in response to this request you are seeking.  Accordingly, you have no basis upon which to seek to compel further responses.

12
13
14
15
16
17
18
19
20
21
22
23

    **Ruling:** Defendants' objection that Plaintiff's request is overbroad and unduly burdensome is sustained.   Nonetheless, in response to Plaintiff's request, Defendants produced thirty-one pages of documents responsive to Plaintiff's request, and Plaintiff fails to explain what additional documents he is seeking that were not provided.  See <u>Johnson v. Sandy</u>, No. 2:12-cv-2922 JAM AC P, 2014 WL 4631642, at *4 (E.D. Cal. Sept. 15, 2014) ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1); <u>see also</u> <u>Walker v. Karelas</u>, No. CIV S-07-2545 MCE DAD P, 2009 WL 3075575, at *1 (E.D. Cal. Sept. 21, 2009) ("The court does not hold pro se litigants to the same standards that it holds attorneys.  However, at a minimum, as the moving party, the plaintiff has the burden of informing the court which discovery responses are disputed, why the defendant's objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.")Accordingly, Plaintiff's motion to compel a further response to Request for Production No. 1, is denied.

24

    2.    <u>Request for Production No. 3</u>

25
26
27

    In Request for Production No. 3, Plaintiff requested "All documents that evidence, mention, or refer to the assault on plaintiff by inmate Tebow Locklin on January 12, 2014, including [sic] not

28

limited to medical records, and documents relating to subsequent inmate discipline."  (ECF No. 42 at 22.)

> Defendants' Initial Response:
>
> Defendants object that this request is vague and ambiguous as to the term "documents relating to subsequent inmate discipline" and on the grounds that it is overly broad in seeking "all documents . . . including not limited to medical records and documents relating to subsequent inmate discipline."  The request is not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(1).
>
> Defendants also object on the grounds and to the extent this request seeks materials protected by the attorney-client or work-product privileges; and seeks confidential information of CDCR, and staff and inmates within CDCR and information which, if disclosed to Plaintiff, an inmate, may jeopardize the safety of inmates and staff, and the security of CDCR institutions, including, but not limited to, Kern Valley State Prison.  Defendants further object that the request seeks confidential information regarding other inmates and staff protected by the right of privacy under the United States and California Constitutions; and federal and state law, including HIPAA and the California Information Practices Act and the Confidentiality of Medical Information Act, California Government Code § 6254(f); California Penal Code § 832.7, and California Code of Regulations, Title 15, §§ 3321 and 3370.  *See generally* Declaration of B. Hancock.
>
> Subject to and without waiving these objections, Defendants respond that non-privileged and non-confidential documents responsive to this request are in Plaintiff's central file and unit health record, to which he has access.  In addition, Defendants have produced a redacted copy of Incident Report No. KVSP FB2 14-01-0024, DEF0032-0044 and records from Plaintiff's central file and medical file, DEF0045-0126.
> Privileged and confidential documents that may be responsive, including Plaintiff's confidential central file, the use of force reviews and critique, and Inmate Locklin's central file and unit health record, are identified on the attached privilege log, and are not being produced.

(ECF No. 42, at 22-23.)

> Supplemental Response:  Your contention that Defendants did not respond to this request is incorrect.  Defendants produced ninety-three pages of documents responsive to this request, including the incident report for the January 12, 2014, attack, and documents from your central file advising of the outcome of discipline Locklin received in connection with the attack.  In terms of the confidential documents identified on the privilege log, you have not provided any justification for overcoming the privileges and objections identified.  *See* Fed. R. Civ. P. 26(b)(1) (permissible scope of discovery is limited to non-privilege information).

**Ruling:** Plaintiff's motion to compel must be denied.   In response to Plaintiff's request, Defendants identified and produced ninety pages of documents responsive to the request, including a redacted copy of the incident report, and documents from Plaintiff's central file in which Plaintiff was advised of both the charges and the outcome of the disciplinary hearing for Locklin.  (Mark Decl., Ex A, Bates Nos. DEF032-126.)  Plaintiff fails to demonstrate what additional information is necessary for which he is entitled.  Because Plaintiff has not met his initial burden for compelling discovery, the Court does not reach the question of whether the records are privileged and confidential, as Defendants claim.

       3.     <u>Request for Production No. 4</u>

In Request for Production No. 4, Plaintiff requested "All documents that evidence, mention, or refer to inmate Tebow Locklin's gang status at the time in Kern Valley State Prison Delano, institutional conduct and or disciplinary history at Kern Valley State prison and any other institutions.

<u>Defendants' Initial Response</u>:

Defendants object that this request is not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(1).  Plaintiff's complaint alleges two discrete events, one in 2011 and one in 2014, yet Plaintiff seeks all documents, which "evidence, mention, or refer to inmate Tebow Locklin's gang status at the time in Kern Valley State Prison Delano, institutional conduct and or disciplinary history at Kern Valley State Prison *and any other institutions*."  (emphasis added).  Locklin's entire prison history is not relevant or proportional to the needs of this case.

Defendants further object that this request is vague and ambiguous as to the term "gang status" and "institutional conduct."  Defendants further object that the request seeks confidential information regarding other inmates and staff protected by the right of privacy under the United States and California Constitutions; and federal and state law, including the California Information Practices Act; California Government Code § 6254(f); California Penal Code § 832.7, and Califronia Code of Regulations, Title 15, §§ 3321 and 3370.  *See generally* Declaration of B. Hancock.

Subject to and without waiving these objections, Defendants respond that any non-privileged and non-confidential documents that may be responsive to this request are in Plaintiff's central file, to which he has access.  In addition, Defendants have produced a redacted copy of Incident Report No. KVSP FB2 14-01-0024, DEF0032-0044 and records from Plaintiff's central file DEF0045-0103.

Privileged and confidential documents, including the confidential portion of Plaintiff's central file, the use of force reviews and critique, and inmate Locklin's central files and medical records are identified on the attached privilege log, and are not being produced.

7

(ECF No. 42 at 23-24.)

Supplemental Response: This request seeking information about another inmate is impermissibly broad and you have not identified any reasons sufficient to overcome the Defendants' objections.  Notwithstanding their objections, Defendants produced seventy-pages of non-privileged and non-confidential documents that they believed were responsive to this request.

**Ruling:**  Defendants acknowledge that Plaintiff now seems to seek only an identification of inmate Locklin's "gang status" at the time of the 2014 assault, and CDCR has determined that it does not pose an unacceptable security risk to allow Plaintiff to review, but not possess, inmate Locklin's gang status as identified in a report for the January 12, 2014, incident between Locklin and Plaintiff. (M. Lujan Decl. ¶ 9.)  The incident report demonstrating inmate Locklin's gang affiliation will sufficiently confirm what Plaintiff apparently already knows regarding his gang status.  Plaintiff has now shown a compelling need for discovery of any other information from Locklin's central file, and Plaintiff's motion to compel a further response shall be denied.

4.      Request for Production Nos. 5, 6 and 7

In Request for Production No. 5, Plaintiff requested "All incident reports that evidence, mention, or refer to incidents of security threat groups, (STG), inmate and inmate assaults and or violence at Kern Valley State Prison Delano that have occurred from January 1, 2008 until  January 1, 2017."

In Request for Production No. 6, Plaintiff requested "All documents that evidence, mention, or refer to in cell violence and or killings from January 1, 2008 until January 1, 2017, at Kern Valley State Delano."

In Request for Production No. 7, Plaintiff requested "All documents written or created since January 1, 2008, that contain, mention, construe, or refer to any inspection, inquiry, or complaint about safety conditions or the risk of inmate on inmate violence at Kern Valley State Prison, whether formal or informal, official or unofficial including inmate, staff and civilian grievances, complaints and appeals and including responses to such documents prepared by Kern Valley State Prison Delano staff or their agents."

8

Defendants initially responded that Plaintiff's requests are facially overbroad.  (ECF No. 42, at 24-27.)  Defendants further submit that they identified and produced non-confidential and non-privileged documents relating to Plaintiff and this matter.  (Mark Decl., Ex. A, Bates Nos. 0032-0104.)  Defendants argue that these overly broad requests make it impossible for Defendants to identify any other potentially responsive, non-privileged documents.  (Mark Decl., Ex. B, Hancock Decl. ¶ 8.)

<u>Supplemental Response</u>: Your letter does not address each of these requests separately.  However, as with your other requests, these requests are impermissibly broad and seek a vast quantity of information that is not relevant nor proportional to the needs of this case, and implicates several privileges.  You have not identified reasons sufficient to overcome Defendants' objections, or why the vast amount of documents you seek is proportional to the needs of this case.

**Ruling:** The Court finds that Plaintiff's request is overbroad and unduly burdensome on Defendants.  See <u>Mailhoit v. Home Depot U.S.A., Inc.</u>, 285 F.R.D. 566, 570 (C.D. Cal. 2012) ("All-encompassing demands that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)") (internal quotations omitted).  Plaintiff may not use discovery requests to engage in a fishing expedition in the hopes that he may turn up some relevant or useful information.  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004).  Defendants identified and produced non-confidential documents relating to Plaintiff and this matter.  (Mark Decl., Ex. A (Bates Nos. 0032-0104).

     5.    <u>Documents not Produced by Defendants</u>

Defendants argue that if Plaintiff's motion is construed as seeking production of withheld documents, he has not provided sufficient justification to overcome the privileges stated.

     a.    **Use of Force Critiques**

Defendants correctly contend that this is not a use of force case, and Plaintiff has failed to articulate any reason why the use of force critiques are necessary to support his claims.  In addition, the incident report was produced to Plaintiff and he has been made aware that the inmate who attacked him was disciplined.  (Mark Decl., Ex. A, Bates Nos. DEF0032-0044; 0047-0049.)  Plaintiff fails to identify a reason why he needs the use of force critiques to support his failure to protect claims.  Accordingly, Defendants will not be compelled to produce such documentation.

**b.      Files and Records of Locklin**

Plaintiff has failed to provide any compelling reasons why he needs inmate Locklin's central files and records.  Furthermore, Plaintiff has received documentation showing the discipline Locklin received for the incident, and will be provided access to the incident report showing Locklin's gang affiliation at the time of the January 2014 attack.  Accordingly, Defendants will not be compelled to produce further documentation from Locklin's central file and records.

**c.      Confidential Central File of Plaintiff**

Plaintiff's request for a copy of the confidential portion of his central file is overbroad because his central file encompasses all documents that relate to him in any manner and extend from the time of his initial incarceration to the present.  Further, Plaintiff fails to provide any justification for disclosing confidential sections of his central file and there is no basis to find that it is relevant to the claims and proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(1).  Accordingly, Defendants will not be compelled to produce confidential information from Plaintiff's central file.

**C.      Plaintiff's Request for Sanctions**

Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules."  Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976)).

Plaintiff's motion for imposition of sanctions must be denied.  Plaintiff provides no basis for which this Court can impose sanctions.  Fed. R. Civ. P. 37.  Defendants have responded to Plaintiff's discovery requests and Plaintiff had failed to provide any basis that their responses and/or objections are inadequate.  Furthermore, Plaintiff is not entitled to attorneys' fees as expenses because as a pro se Plaintiff he has not incurred such fees, and cannot seek recovery under Rule 37(a)(5).  See Elwood v. Drescher, 546 F.3d 943, 946 (9th Cir. 2006) (pro-se litigants cannot recover attorneys' fees).  Accordingly, Plaintiff's motion for imposition of sanctions or an award of expenses must be denied.

///

///

///

**III.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion to compel is denied; and

2.      Plaintiff's motion for imposition of sanctions and expenses is denied.

IT IS SO ORDERED.

Dated:   **July 25, 2017**

_____
UNITED STATES MAGISTRATE JUDGE

11