# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING, SR., | Case No.: 1:15-cv-00414-LJO-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| M.D. BITER, et al., | [ECF No. 60] |
| Defendants. | |

Plaintiff Larry Donnell King, Sr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed on November 20, 2017.

## I.

## RELEVANT HISTORY

This action is proceeding on Plaintiff's failure to protect claims against Defendants Tarnoff, Tallerico, Acebedo, Castro, and Lawless (relating to an attack on August 10, 2011), and against Defendant Biter (relating to an attack in January 2014).

Defendants filed an answer to the complaint on March 7, 2017. On March 8, 2017, the Court issued the discovery and scheduling order.

///

///

1

On November 20, 2017, Plaintiff filed a motion to compel. (ECF No. 60.) On December 11, 2017, Defendants filed an opposition, and Plaintiff filed a reply on December 22, 2017. (ECF Nos. 64, 65.)

**II.**

**DISCUSSION**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 54, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

///

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**A.  Plaintiff's Second Set of Supplemental Requests for Admission to Defendant Tarnoff**

1.  Defendant Tarnoff

**Supplemental Request for Admission No. 1:** Please admit on March 24, 2011, that a classification action bypassed the CDCR's 22 process.

1 **Response to Supplemental Request for Admission No. 1:** Defendant objects to this request as duplicative of a previous request for admission, which has been answered, is improper, and an abuse of the discovery process. Anahuac Management v. Mazer, Case No. 2:09-cv-1590, 2011 WL 3585475, at *5 (D. Nev. Aug. 16, 2011).

(Mark Decl., Ex. B-1.)

**Argument:** Defendant contends that his objection as duplicative of a previous request served by Plaintiff and responded to by Defendant was proper. On July 17, 2017, Defendant Tarnoff denied an identical request for admission which asked: "Please admit that during the time of March 24, 2011, that a classification action bypassed the CDCR 22 process." (Mark Decl. Ex. A at p. 2.)

**Ruling:** Plaintiff's motion to compel is denied as the supplemental request for admission number 1 is duplicative of a previous request asked and answered by Defendant Tarnoff. (Id.)

**Supplemental Request for Admission No. 2:**[1] Please admit that the documents marked as attachment A is the 602 appeal you screened out dated March 21, 2011 requesting that, Plaintiff, Larry King, the author of this appeal utilize CDCR's 22 process?

**Response to Supplemental Request for Admission No. 2:** Defendant objects to this request as compound. "Requests for admission may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements." U.S. ex rel. England v. Los Angeles Cty., 235 F.R.D. 675, 684 (E.D. Cal. 2006). Defendant also objects that this is not a proper request under Federal Rule of Civil Procedure 36. Requests that ask a party to admit that a document includes a particular passage or text are improper. Fed. R. Civ. P. 36; K.C.R. v. County of Los Angeles, No. CV 13-3806, 2014 WL 3433772, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiving these objections, Defendant responds that, after a reasonable inquiry, the information she knows or can readily obtain is insufficient to enable her to admit or deny the authenticity of Plaintiff's Attachment A and, on that basis, the request is denied.

///

///

---

[1] Because the Defendant's response is the same as to Supplemental Requests for Admission Nos. 2-8, the Court will issue a single ruling as to these requests.

| | |
|---|---|
| 1 | **Supplemental Request for Admission No. 3:** Please admit that the document marked as attachment A is a 602 appeal submitted by Larry King on classification's action requesting that the blood disruptive group documentation be taken out of c-file. |

**Supplemental Request for Admission No. 3:** Please admit that the document marked as attachment A is a 602 appeal submitted by Larry King on classification's action requesting that the blood disruptive group documentation be taken out of c-file.

**Response to Supplemental Request for Admission No. 3:** Defendant objects to this request as compound. "Requests for admission may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements." U.S. ex rel. England, 235 F.R.D. at 684. Defendant also objects that this is not a proper request under Federal Rule of Civil Procedure 36. Requests that ask a party to admit that a document includes a particular passage or text are improper. Fed. R. Civ. P. 36; K.C.R., 2014 WL 3433772, at *4. Subject to and without waiving these objections, Defendant responds that, after a reasonable inquiry, the information she knows or can readily obtain is insufficient to enable her to admit or deny the authenticity of Plaintiff's Attachment A and, on that basis, the request is denied.

**Supplemental Request for Admission No. 4:** Please admit that the document marked as attachment B is a screen out form, (CDC form 695), submitted by D. Tarnoff, screening out Larry King's appeal dated March 24, 2011, stating, "you need to utilize the CDCR 22 process."

**Response to Supplemental Request for Admission No. 4:** Defendant object to this request as compound. "Requests for admission may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements." U.S. ex rel. England, 235 F.R.D. at 684. Defendant also objects that this is not a proper request under Federal Rule of Civil Procedure 36. Requests that ask a party to admit that a document includes a particular passage or text are improper. Fed. R. Civ. P. 36; K.C.R., 2014 WL 3433772, at *4. Subject to and without waiving these objections, Defendant responds that, after a reasonable inquiry, the information she knows or can readily obtain is insufficient to enable her to admit or deny the authenticity of Plaintiff's Attachment B and, on that basis, the request is denied.

**Supplemental Request for Admission No. 5:** Please admit that the documents marked as attachment B-2 is a letter to you D. Tarnoff from Larry King stating "The introduction of the new CDCR form 22 for inmates and parolees specifically says "The form 22 will not be necessary for classification's action," in part.

**Response to Supplemental Request for Admission No. 5:** Defendant object to this request as compound. "Requests for admission may not contain compound, conjunctive, or disjunctive (e.g.,

"and/or") statements." U.S. ex rel. England, 235 F.R.D. at 684. Defendant also objects that this is not a proper request under Federal Rule of Civil Procedure 36. Requests that ask a party to admit that a document includes a particular passage or text are improper. Fed. R. Civ. P. 36; K.C.R., 2014 WL 3433772, at *4. Subject to and without waiving these objections, Defendant responds that, after a reasonable inquiry, the information she knows or can readily obtain is insufficient to enable her to admit or deny the authenticity of Plaintiff's Attachment B-2 and, on that basis, the request is denied.

**Supplemental Request for Admission No. 6:** Please admit that the documents marked as attachment B-3 is a screenout form by D. Tarnoff to Larry King dated April 7, 2011, screening out his 602 appeal stating that "This is not a classification issue".

**Response to Supplemental Request for Admission No. 6:** Defendant object to this request as compound. "Requests for admission may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements." U.S. ex rel. England, 235 F.R.D. at 684. Defendant also objects that this is not a proper request under Federal Rule of Civil Procedure 36. Requests that ask a party to admit that a document includes a particular passage or text are improper. Fed. R. Civ. P. 36; K.C.R., 2014 WL 3433772, at *4. Subject to and without waiving these objections, Defendant responds that, after a reasonable inquiry, the information she knows or can readily obtain is insufficient to enable her to admit or deny the authenticity of Plaintiff's Attachment B-3 and, on that basis, the request is denied.

**Supplemental Request for Admission No. 7:** Please admit that the documents marked as attachment C is a 602 appeal you screened out dated June 5, 2011 once again requesting that the blood disruptive group documents be removed out his c-file submitted by Larry King.

**Response to Supplemental Request for Admission No. 7:** Defendant object to this request as compound. "Requests for admission may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements." U.S. ex rel. England, 235 F.R.D. at 684. Defendant also objects that this is not a proper request under Federal Rule of Civil Procedure 36. Requests that ask a party to admit that a document includes a particular passage or text are improper. Fed. R. Civ. P. 36; K.C.R., 2014 WL 3433772, at *4. Subject to and without waiving these objections, Defendant responds that, after a reasonable inquiry, the information she knows or can readily obtain is insufficient to enable her to admit or deny the authenticity of Plaintiff's Attachment C and, on that basis, the request is denied.

**Supplemental Request for Admission No. 8:** Please admit that the documents marked as attachment C-2 is a screenout form dated June 14, 2011 sent to Larry King stating "This action on 9-21-05, therefore time restraint not met."

**Response to Supplemental Request for Admission No. 8:** Defendant object to this request as compound. "Requests for admission may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements." U.S. ex rel. England, 235 F.R.D. at 684. Defendant also objects that this is not a proper request under Federal Rule of Civil Procedure 36. Requests that ask a party to admit that a document includes a particular passage or text are improper. Fed. R. Civ. P. 36; K.C.R., 2014 WL 3433772, at *4. Subject to and without waiving these objections, Defendant responds that, after a reasonable inquiry, the information she knows or can readily obtain is insufficient to enable her to admit or deny the authenticity of Plaintiff's Attachment C-2 and, on that basis, the request is denied.

**Ruling on Supplemental Request for Admission Nos. 2-8:** Plaintiff's motion to compel further responses to Supplemental Request for Admission Nos. 2 through 8 is denied. In his motion, Plaintiff indicates that Defendant objected only on the ground that the requests were compound. (Mot. at 3-5.)[2] However, Defendant Tarnoff has submitted the complete responses to each of the supplemental request for admissions and she complied with her obligation to respond to these requests to the extent possible. Plaintiff has failed to demonstrate how or why Defendant's responses are not sufficient, and Plaintiff has therefore not met his burden of proof. Grabek, 2012 WL 113799, at *1. (Pl.'s Mot, ECF No. 60 at 11-12.) Furthermore, the fact that Plaintiff does not like a Defendant's response or would prefer a different response is not grounds to compel a further response. Scott v. Palmer, No. 1:09-cv-01329-LJO-SKO (PC), 2014 WL 6685810, at *3 (E.D. Cal. Nov. 25, 2014). Moreover, Defendant's objection as compound is proper as each request seeks admission of multiple facts regarding the submission or processing of inmate appeal. U.S. ex re. England, 235 F.R.D. at 684. The requests also improperly ask Defendants to admit that the documents attached to Plaintiff's requests contain particular statements. See K.C.R., 2014 WL 3433772, at *4. Nevertheless,

---

[2] References herein to page numbers are to the Court's ECF pagination headers.

7

Defendant has provided a response to each of the requests. Accordingly, Plaintiff's motion to compel a further response to each of the requests is denied.

      **B.     Plaintiff's Second Set of Supplemental Requests for Admissions to Defendants Castro, Lawless and Acebedo**

      1.     <u>Defendant Castro's Responses</u>

**Supplemental Request for Admission No. 1:** Please admit the document marked as attachment D-1 is the 602 appeal submitted by Larry King dated March 8, 2011.

**Response to Supplemental Request for Admission No. 1:** Defendant denies the request.

**Supplemental Request for Admission No. 2:** Please admit that you reviewed and accepted Acebedo's denial of Larry King's 602 appeal dated March 8, 2011 which is the document marked as attachment D-1.

**Response to Supplemental Request for Admission No. 2:** Defendant objects to this request as compound. "Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or" statements." <u>U.S. ex rel. England</u>, 235 F.R.D. at 684. Defendant also objects to this request as vague and ambiguous in that it is unclear whether Plaintiff is asking Defendant to admit or deny the authenticity of the referenced attachment, or to admit or deny the fact that the attachment is the appeal that the Defendant "reviewed and accepted." Subject to and without waiving these objections, Defendant denies the request.
(Mark Decl. Ex. B-2.)

**Ruling:** Plaintiff's motion to compel a further response is denied. Defendant responded to all of Plaintiff's requests with admissions or denials, subject to certain objections. (Mark Decl. Ex. B-2.) Plaintiff has failed to demonstrate how the responses are deficient. In fact, Plaintiff challenges only Defendant's objection as compound. (ECF No. 60 at 5-7.)

      2.     <u>Defendant Lawless's Responses</u>

**Supplemental Request for Admission No. 1:** Please admit that the document marked as attachment D-1 is the 602 appeal dated April 19, 2011 second level submitted by Larry King request not to be housed with any blood disruptive group members and to be housed by himself.

**Response to Supplemental Request for Admission No. 1:** Defendant objects to this request as compound. "Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or" statements." U.S. ex rel. England, 235 F.R.D. at 684. Defendant also objects that this is not a proper request under Federal Rule of Civil Procedure 36. Requests that ask a party to admit that a document includes a particular passage or text are improper. Fed. R. Civ. P. 36; K.C.R., 2014 WL 3433772, at *4. Subject to and without waiving these objections, Defendant denies the request.

**Supplemental Request for Admission No. 2:** Defendant objects to this request as compound. "Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or" statements." U.S. ex rel. England, 235 F.R.D. at 684. Defendant also objects to this request as vague and ambiguous in that it is unclear whether Plaintiff is asking Defendant to admit or deny the authenticity of the referenced attachment, or to admit or deny the fact that the referenced attachment is the appeal for which Defendant was the "reviewer" who "accepted the denial." Subject to and without waiving the foregoing objections, Defendant denies the request.
(Mark Decl. Ex. B-3.)

**Ruling:** Plaintiff's motion to compel is denied. Defendant responded to all requests with admissions or denials, subject to the objections. Plaintiff has failed to demonstrate how the responses are deficient. In fact, Plaintiff challenges only Defendant's objection as compound. (ECF No. 60 at 5-7.)

      3.     <u>Defendant Acebedo's Responses</u>

**Supplemental Request for Admission No. 1:** Please admit that the document marked as attachment D-1 is the 602 appeal you denied dated March 8, 2011 by Larry King requesting for single cell and the gang stuff out of my c-file.

**Response to Supplemental Request for Admission No. 1:** Defendant objects to this request as compound. Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or" statements." U.S. ex rel. England, 235 F.R.D. at 684. Defendant also objects that this is not a proper request under Federal Rule of Civil Procedure 36. Requests that ask a party to admit that a document includes a particular passage or text are improper. Fed. R. Civ. P. 36; K.C.R., 2014 WL 3433772, at *4. Subject to and without waiving these objections, Defendant denies the request.

**Supplemental Request for Admission No. 2:** Please admit you conducted an interview with Larry King on April 5, 2011, concerning the document marked as attachment D-1.

**Response to Supplemental Request for Admission No. 2:** Defendant objects to this request as compound. Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or" statements." U.S. ex rel. England, 235 F.R.D. at 684. Defendant also objects that this is not a proper request under Federal Rule of Civil Procedure 36. Requests that ask a party to admit that a document includes a particular passage or text are improper. Fed. R. Civ. P. 36; K.C.R., 2014 WL 3433772, at *4. Subject to and without waiving these objections, Defendant admits he conducted an interview with Plaintiff on April 5, 2011, but denies it concerning "the document marked as attachment D-1" to Plaintiff's request.
(Mark Decl. Ex. B-4.)

**Ruling:** Plaintiff's motion to compel is denied. Defendant responded to all requests with admissions or denials, subject to the objections. Plaintiff has failed to demonstrate how the responses are deficient. In fact, Plaintiff challenges only Defendant's objection as compound. (ECF No. 60 at 5-7.)

### C. Plaintiff's Third Set of Requests for Admissions to Defendants

In his third set of requests for admissions, Plaintiff asked Defendants Lawless, Tarnoff, Acebedo and Castro to admit statements that were contained in a declaration by M. Lujan.[3] (ECF No. 60 at 19-23, Lujan Decl.; Mark Decl. Exs. C-D.)
Defendants objected to the requests on the ground that they were improper under Federal Rule of Civil Procedure 36.

**Ruling:** Plaintiff's motion to compel must be denied because requests that ask a party to admit that a declaration includes a particular quoted passage are improper. Fed. R. Civ. P. 36; see also K.C.R. v. County of Los Angeles, No. CV 1303806, 2014 WL 3433772, at *4 (C.D. Cal. July 14, 2014).

///

---

[3] Plaintiff's motion also requests that Defendant Biter be compelled to respond to these requests. However, Plaintiff's third set of requests for admissions were not directed to Defendant Biter. (Mark Decl., Ex. C, ECF No. 64.)

### D. Plaintiff's Fourth Set of Requests for Admissions

Plaintiff contends that Defendants improperly objected to his fourth set of requests for admissions as outside the scope of permissible discovery. (Pl.'s Mot. at 8-11.)

Defendants argue that the objection is appropriate because Federal Rule of Civil Procedure 26 limits the scope of discovery to that which is relevant to the party's claim or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

**Ruling:** Plaintiff's motion to compel is denied as the documents proffered for admission are not related to the incidents at issue in this case or concern events that took place after the events at issue. (Mark. Decl. Ex. E; Pl.'s Mot. at 24-31.) Events that took place in July 2014 and September 2015 are not relevant to Plaintiff's claims, which concern events in 2011 and then in 2013 up to January 2014. (2nd Amd. Compl., ECF No. 49; Pl.'s Mot. at 25, 27, 29.) In addition, events involving Southern Hispanic gangs at KVSP are not relevant to Plaintiff's claims involving allegations regarding the blood gang at KVSP, not the Southern Hispanics. (Pl.'s Mot. at 31.) In any event, notwithstanding the objections, Defendants responded to request numbers 1, 3, 5, and 7 which sought admission as to whether the attached exhibits were genuine copies. (Mark Decl. Ex. E.) Defendants either admitted or denied the requests and that is all that is required by Federal Rule of Civil Procedure 36. (Id.) Furthermore, request numbers 2, 4, 6, and 8 seek that Defendants admit whether the documents attached to the requests contain particular statements. (Mark Decl. Ex. E.) However, these requests are improper and duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i); K.C.R., 2014 WL 3433772, at *4. Accordingly, Plaintiff's motion to compel further responses is denied.

///
///
///
///
///
///
///

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated: __**January 8, 2018**__

UNITED STATES MAGISTRATE JUDGE