UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING, SR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.D. BITER, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00414-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR EXTENSION OF DISCOVERY DEADLINE FOR WRITTEN DISCOVERY<br><br>[ECF No. 97] |

Plaintiff Larry Donnell King, Sr. is appearing in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's ex parte application for an extension of the discovery deadline for written discovery, filed. October 1, 2019.

**I.**

**BACKGROUND**

This action is proceeding on Plaintiff's failure to protect claims against Defendants Tarnoff, Acebedo, Castro and Lawless (relating to an attack on October 18, 2011) and against Defendant Biter (relating to an attack in January 2014).

On February 22, 2019, the United States Court of Appeals for the Ninth Circuit reversed and remanded this case finding that Plaintiff exhausted his claim that Defendants failed to protect him from an attack by another inmate. (ECF No. 84.)

1

On April 2, 2019, the Court issued an amended scheduling order setting the deadline for completion of all discovery as August 2, 2019, and the deadline for filing dispositive motions as October 2, 2019.

After an unsuccessful settlement conference, the Court amended the scheduling order and extended the discovery deadline to October 2, 2019, and the dispositive motion deadline to December 2, 2019.

On September 23, 2019, the parties submitted a stipulation to extend the discovery deadline for the limited purpose of taking depositions only (without requests for production). The Court approved the parties' stipulation on September 24, 2019, and extended the discovery deadline to March 30, 2010, and the dispositive motion deadline to June 1, 2010.

As previously stated, on October 1, 2019, Plaintiff filed an ex parte application to extend all discovery by a period of 180 days. Defendants filed an opposition on October 4, 2019. Plaintiff did not file a reply.

## II.

## DISCUSSION

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

1     "Good cause may be found to exist where the moving party shows that it diligently assisted the
2 court with creating a workable scheduling order, that it is unable to comply with the scheduling
3 order's deadlines due to matters that could not have reasonably been foreseen at the time of the
4 issuance of the scheduling order, and that it was diligent in seeking an amendment once it became
5 apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit,
6 Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

    Given the procedural posture of this case and on the basis of good cause, Plaintiff's request shall be granted.

### III.

### ORDER

Accordingly, it is HEREBY ORDERED that the discovery deadline previously extended to **March 30, 2020**, may include written discovery and well as the taking of depositions.

IT IS SO ORDERED.

Dated:   **October 16, 2019**

UNITED STATES MAGISTRATE JUDGE