UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING, SR.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>M.D. BITER, *et al.*,<br><br>　　　　　　Defendants. | No. 1:15-cv-00414-NONE-SAB(PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S MARCH 26, 2020 ORDER<br><br>(Doc. No. 107) |

Plaintiff Larry Donnell King, Sr. is appearing *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the court is plaintiff's motion for reconsideration of the magistrate judge's March 26, 2020 order denying his request to extend the discovery deadline, filed April 9, 2020. (Doc. No. 107.) Defendants filed an opposition on April 16, 2020, and plaintiff did not file a reply. (Doc. No. 108.)

**LEGAL STANDARD**

A district court may refer non-dispositive issues to a magistrate judge under 28 U.S.C. § 636(b)(1). Fed. R. Civ. P. 72(a); Local Rule 302(c); *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015) ("Pursuant to section 636, magistrate judges may hear and determine nondispositive matters . . . .").

1

If a party objects to a non-dispositive pretrial ruling by a magistrate judge, then the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 303(f).

A magistrate judge's factual findings or discretionary decisions are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). However, this standard is significantly deferential, and the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

The "contrary to law" standard "permits independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (internal citation omitted); *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (stating under 28 U.S.C. § 636(b)(1)(A), questions of law are reviewed *de novo*); *Anderson v. Equifax Info. Servs. LLC*, No. CV 05-1741-ST, 2007 WL 2412249, at *1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit *de novo* review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion.") (internal citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Cochran v. Aguirre*, No. 1:15-cv-01092-AWI-SAB (PC), 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017); *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983) ("Thus, while we may review magistral findings of fact, subject only to the 'clearly erroneous' standard, we may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes or case precedent.").

**DISCUSSION**

On March 26, 2020, the magistrate judge denied plaintiff's second *ex parte* request to extend the discovery deadline in this case, concluding that plaintiff had failed to demonstrate good cause. (Doc. No. 104 at 3.) The magistrate judge reasoned as follows:

/////

/////

> First, Plaintiff did not file the instant request until 13 days before the discovery deadline, i.e. March 30, 2020. Second, Plaintiff simply has not shown that he was diligent during the six-month period in which discovery was open. Plaintiff has not demonstrated any efforts to obtain discovery until less than two months before to the expiration of the deadline. (Declaration of Arthur Mark ¶¶ 1-2.) The fact that Plaintiff had other civil matters/deadlines, difficulty communicating with Plaintiff, vacation, and/or lost luggage, are all circumstances which counsel could and should have foreseen at the time the first extension was sought and granted. Indeed, the fact that Plaintiff admits he was busy attending to other matters belies a claim of due diligence. *See, e.g.*, *Mondares v. Kaiser Foundation Hosp.*, No. 10-CV-2676-BTM (WVG), 2011 WL 5374613, at *2 (S.D. Cal. Nov. 7, 2011) ("other trials and a busy schedule do nothing to advance Plaintiff's burden to show she was diligent in *this* case. Quite to the contrary, these actually militate against a finding of diligence, as counsel essentially admitted she was not diligent in this case because she was busy litigating *other* cases.") (emphasis in original). Third, the fact that this case is not and may not be assigned to a District Judge until the vacancy is filled is of no consequence to the preparation of written discovery or the resolution of discovery as is handled by the magistrate judges. Lastly, Plaintiff cannot now rely on the recent onset of the COVID-19 virus to justify an extension of the deadline when he has not demonstrated due diligence during the prior six-month discovery period.

(Doc. No. 104 at 3–4.)

Plaintiff contends that the magistrate judge's order denying his request "is based entirely on the … finding that Plaintiff was not diligent for 'six' months[,]" which is a mistake and a clearly erroneous finding of fact. (Doc. No. 107 at 4.) Plaintiff's motion for reconsideration must be denied because he has failed to show that the magistrate judge's decision was clearly erroneous or contrary to law.

As an initial matter, on July 16, 2019, the court lifted the previously imposed stay in this action and set a discovery deadline of October 2, 2019, and a dispositive motion deadline of December 2, 2019. (Doc. No. 93.) On September 24, 2019, the court approved the parties' stipulation to extend the discovery deadline to March 30, 2020, and the dispositive motion deadline to June 1, 2020. (Doc. No. 96.) On October 16, 2019, the court granted plaintiff's first ex parte request to the extend the March 30, 2020 discovery deadline to written requests as well as depositions. (Doc. No. 99.) This discovery

3

1 period was in addition to the discovery propounded previously by plaintiff before the appeal and
2 remand in this action.  (Doc. No. 108 ¶ 5.)

3 　　　　In the instant motion, plaintiff's counsel essentially argues that he did not get the "file" from
4 his client until late December 2019 and, therefore, did not know what discovery to propound until
5 sometime thereafter.  (Doc. No. 107 at 4–7.)  However, in evaluating whether plaintiff was diligent,
6 the magistrate judge considered plaintiff's argument but rejected it, finding that plaintiff made the
7 request for an extension only thirteen days before the expiration of the discovery deadline, negating a
8 finding that the discovery was unduly truncated due to circumstances were beyond his control.  (Doc.
9 No. 104.)  Furthermore, plaintiff's counsel was aware of the extent of the discovery previously served
10 by plaintiff in this matter in October 2019, as defendants' counsel listed the very discovery in a
11 declaration filed in opposition to plaintiff's first motion to reopen discovery.  (Doc. No. 98-1.)
12 Moreover, plaintiff's incarceration status as well as the Christmas holiday were circumstances that
13 should have been accounted for when the previous extension was sought and obtained in October
14 2019.  (Doc. Nos. 95, 96, 97.)

15 　　　　Despite being warned that no further extensions of the discovery deadline would be granted
16 absent "extraordinary circumstances" (Doc. No. 96), plaintiff waited until the beginning of February
17 2020 to propound discovery.  Defendants submit that they received a total of 74 requests for
18 production, with responses due March 20, 2020.  (Doc. No. 108 ¶ 1.)  On February 13 and 14, 2020,
19 defendants received thirteen sets of requests for admissions, including three "corrected" sets; after
20 subtracting the "corrected" questions this totaled 136 requests for admissions requiring a response; six
21 sets of interrogatories, including one "corrected" set, totaling 89 interrogatories requiring a response;
22 and an additional 39 requests for production.  (*Id.* ¶ 2.)  Plaintiff's counsel also contacted defendants'
23 counsel to set the depositions of all five defendants.  (*Id.* ¶¶ 3–4.)  Therefore, despite having six
24 months to conduct discovery, plaintiff attempted to condense his discovery into a period of less than
25 two months.  In finding that plaintiff failed to demonstrate good cause, the magistrate judge
26 considered these factors, and plaintiff has not shown that the denial of a further extension of the
27 discovery deadline is an abuse of discretion or contrary to law.
28 /////

The recent onset of the COVID-19-related issues also does not excuse plaintiff's failure to propound written discovery in a timely manner. In fact, the COVID-19 situation did not arise until around March 19, 2020 and, by that time, plaintiff had deposed four of the five defendants in this case. (Doc. No. 107 at 11.) The only remaining potential deposition would be of defendant Acebedo, but it was not set before the restrictions arose. Nonetheless, defendants submit that they have agreed to allow plaintiff to proceed with this deposition (without a request for production) in light of the COVID-19 pandemic. (Doc. No. 108 ¶ 3.) However, the prospective Rule 30(b) deposition has not been set and plaintiff never served a notice or subpoena for such deposition. (*Id.* ¶ 4.) In addition, this court's lack of available district judges has no bearing on discovery or plaintiff's lack of diligence in conducting discovery because discovery is handled by magistrate judges, not district judges. Accordingly, neither the COVID-19 pandemic nor the lack of available district judges demonstrates that the magistrate judge's March 26, 2020 order was clearly erroneous or contrary to law.

Lastly, the court finds that defendants will be prejudiced by a further extension of the discovery deadline. Plaintiff has propounded numerous discovery requests and conducted several depositions, and plaintiff has not shown how a further extension of the discovery deadline would not be proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1).

## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that plaintiff's motion for reconsideration (Doc. No. 107) of the magistrate judge's March 26, 2020 order is denied.

IT IS SO ORDERED.

Dated: **June 15, 2020**            *Dale A. Drozd*
                                    UNITED STATES DISTRICT JUDGE