UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING, SR.,<br><br>Plaintiff,<br><br>v.<br><br>M.D. BITER, et al.,<br><br>Defendants. | No. 1:15-cv-00414-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 118, 131) |

Plaintiff Larry Donnell King, Sr. is appearing *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 4, 2021, the assigned magistrate judge issued findings and recommendations recommending that defendant Biter's motion for summary judgment be granted with respect to plaintiff's claims for declaratory and injunctive relief but denied in all other respects. (Doc. No. 131.) The findings and recommendations were served on the parties and contained notice that objections thereto were due within thirty (30) days. (*Id.* at 14.) On March 8, 2021, defendant Biter filed objections to the findings and recommendations. (Doc. No. 132.)

/////

1

Defendant Biter raises two objections. First, regarding plaintiff's failure to protect claim, defendant objects to the magistrate judge's finding that there is a genuine dispute of material fact as to whether defendant Biter was aware of a substantial risk of serious harm to plaintiff from his future cellmate. (*Id.* at 2.) The magistrate judge specifically examined plaintiff and defendant Biter's contradictory allegations surrounding plaintiff's proceeding before the Institutional Classification Committee ("ICC") on August 1, 2013:

> Both Plaintiff and Defendant have submitted a declaration, signed under penalty of perjury, and both declarations contradict one another. Plaintiff declares, in part, that "I addressed Defendant Biter directly at the August 1, 2013, ICC proceeding and I told him that I had written several 602s in the past concerning my gang issues, that I did not want to be in the cell with a Bloods gang member inmate, that I was continuously getting threats from the Bloods, and that I was previously attacked by Bloods gang members in retaliation for my refusal to participate in Bloods gang activities, . . . Defendant Biter responded directly to me and stated 'You're documented as a Blood, so I'm going to house you with a Blood.' Defendant Biter then told me that if I did not accept my cellmate that I would receive a '115' (a Rules Violation Report) for refusing a cellmate. (Pl.'s Decl. ¶¶ 23-24, ECF No. 122-1.) Defendant Biter declares, in part, that "I did not say to [Plaintiff] 'you are documented a blood so I'm gonna house you with a blood' as [Plaintiff] alleges. In addition, I would not have threatened [Plaintiff] with a '115' for refusing a cellmate. These comments are not reflected on Exhibit A and such comments are not consistent with how I generally speak, or how I conducted myself as chairman of an ICC or Warden of KVSP." (Biter Decl. ¶ 16, ECF No. 118-4.)

(Doc. No. 131 at 10.) In light of these conflicting declarations, the magistrate judge concluded that there is a genuine dispute of material fact "as to whether Defendant Biter was informed that Plaintiff was repeatedly receiving threats from Bloods gang members and could not safely house with them, but ordered him to do so." (*Id.* at 11.)

As defendant Biter recognizes, the issue is whether defendant Biter was aware of a substantial risk of serious harm to plaintiff from his future cellmate. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . ."). Defendant Biter contends that the magistrate judge failed to consider the following undisputed facts: (1) that defendant Biter did not assign plaintiff's cellmate; (2) that defendant Biter did not know who plaintiff's cellmate was;

2

and (3) "that Plaintiff lived with this cellmate for months and did not complain about him." (Doc. No. 132 at 2; *see also* Doc. No. 131 at 6–8.) First, the magistrate judge did not disregard these asserted facts. For example, the magistrate judge noted that defendant Biter in his declaration denied telling plaintiff, "you are documented a blood so I'm gonna house you with a Blood." (Doc. No. 118-4 ¶ 16.) Second, defendant Biter declares that plaintiff did not raise any safety concerns or concerns about Bloods gang members at his ICC proceeding but if plaintiff "made any comments concerning his gang affiliation or threats from the Bloods, [defendant Biter] would have requested that appropriate staff follow-up and investigate any concerns." (Doc. No. 118-4 ¶ 15.) However, as noted above, plaintiff's evidence says otherwise given that plaintiff claims to have told defendant Biter that he did not want to be housed with any Bloods gang members and that he had continuously received threats from Bloods gang members. (*See* Doc. No. 131 at 10.) Ultimately, the facts highlighted by defendant Biter in his objections arguably lend credence to his version of the events, but they are not dispositive in light of plaintiff's declaration presenting a contradictory version of what occurred.

Alternatively, defendant Biter argues that "even crediting what Plaintiff claims he said to [defendant], those were merely generalized statements of fear" and thus were insufficient to put defendant Biter on notice of a substantial risk of serious harm to plaintiff from his cellmate. (Doc. No. 132 at 3, 6.) Defendant Biter relies on a decision of another judge of this court where a defendants' motion for summary judgment was granted with respect to a failure to protect claim because "[p]laintiff's evidence establishe[d], at most, a speculative and generalized fear of harm." *Thompson v. Lee,* No. 1:07 cv 01299 LJO GSA PC, 2015 WL 769683, at *8 (E.D. Cal. Feb. 23, 2015). There, the plaintiff had alleged that defendants disregarded his safety by continuously housing him with his enemies, including inmates from opposing gangs. (*Id.* at *1–3.) However, the court found that the plaintiff only alleged a general fear of injury by his cellmates and the fact that "Plaintiff may have been in fear of attack based upon race, religious or gang classification does not subject [defendants] to liability for failure to protect Plaintiff." (*Id.* at *7–8 ("Plaintiff's evidence establishes, at most, some generalized fear of harm based upon membership in the Bloods gang or the fact that [one inmate] was a Muslim and Plaintiff was not.").)

3

Contrary to defendant Biter's assertion, however, plaintiff's allegations in this case are more specific than those alleged by the plaintiff in *Thompson*. Specifically, plaintiff declares that he told defendant Biter that he was "*continuously getting threats* from the Bloods, and that [he] was *previously attacked by Bloods gang members* in retaliation for [his] refusal to participate in Bloods gang activities." (King Decl., Doc. No. 122-1 ¶ 23 (emphasis added).) Such allegations are more specific than what the plaintiff alleged in *Thompson* who feared injury from inmates simply because they had a different gang or religious classification. *See Mitchell v. Chavez*, No. 1:13-cv-01324-DAD-EPG, 2016 WL 3906956, at *4 (E.D. Cal. July 19, 2016) (denying summary judgment where a plaintiff alleged that he had told guards about prior altercations with members of the 2–5 gang). Accordingly, in this case the evidence before the court reflects a genuine dispute of material fact as to whether defendant Biter was aware of a substantial risk of serious harm to plaintiff from his future cellmate and summary judgment in favor of defendant Biter is therefore not appropriate.

Second, defendant Biter objects to the magistrate judge's finding that he is not entitled to qualified immunity on summary judgment, focusing on the second step of the qualified immunity analysis, namely, whether it was "clearly established" at the time of the conduct that defendant's actions violated plaintiff's constitutional rights. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Defendant Biter argues that the magistrate judge erred in defining the "clearly established" inquiry as the "right to be protected from violence at the hands of other inmates." (Doc. No. 131 at 4, 13.) According to defendant Biter, the "correct inquiry is whether it was clearly established that a prison official who is merely informed of a generalized threat of violence against an inmate would be on notice that being informed of such a threat could subject him to liability for violating the inmate's constitutional rights when the inmate is attacked *months* later." (*Id.* (emphasis in original).) This argument, however, once again assumes *defendant Biter's* version of the factual events to be true. Such an assumption is inconsistent with the recognized legal standards governing summary judgment.

It is true that the court must define the "clearly established law" analysis in a manner that is "particularized" to the facts of the specific case before it. *White v. Pauly*, ___U.S.___, 137 S.

4

Ct. 548, 552 (2017). However, even in the context of qualified immunity, the court must always view the disputed evidence in the light most favorable to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[U]nder either prong of [the qualified immunity analysis] courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment."). As discussed above, plaintiff has presented evidence that he made specific statements to defendant Biter at the ICC proceeding that were sufficient to put defendant Biter on notice of a substantial risk of serious harm to plaintiff and not merely a generalized threat of violence. (*See* Doc. No. 118-4 ¶¶ 15–16.) The magistrate judge was correct to define the issue differently than suggested by defendant Biter and by concluding that "existing case law with regard to prison gang violence is sufficient to put Defendant on notice that he has a duty to protect inmates who are at risk of such violence." (Doc. No. 131 at 12 (citing *Fierro v. Smith*, 731 Fed. App'x 652, 655 (9th Cir. 2018).) With this in mind and having properly construed the disputed evidence as demonstrating "that Defendant Biter had actual knowledge of repeated threats of violence by Bloods gang members on Plaintiff, and took no action to prevent Plaintiff from being housed with a Bloods member" (*id.* at 13), the magistrate judge properly concluded that defendant is not entitled to summary judgment in his favor on qualified immunity grounds.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including defendant Biter's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on February 4, 2021 (Doc. No. 131), are adopted in full;

/////
/////
/////
/////
/////

5

2. Defendant Biter's motion for summary judgment filed on July 31, 2020 (Doc. No. 118), is granted with respect to the claims for declaratory and injunctive relief but denied in all other respects; and

3. The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **July 14, 2021**

                                                    */s/ Dale A. Drozd*
                                                  UNITED STATES DISTRICT JUDGE