# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING, SR., <br><br> Plaintiff, <br><br> v. <br><br> M.D. BITER, <br><br> Defendant. | Case No.: 1:15-cv-00414-JLT-SAB (PC) <br><br> ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL <br><br> (ECF Nos. 148, 154) |

Plaintiff Larry Donnell King, Sr. is appearing *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for attendance of incarcerated witnesses, filed February 10, 2022. (ECF No. 148.) On February 25, 2022, Defendant filed a statement of non-opposition to Plaintiff's motion. (ECF No. 154.)

**I.**

**DISCUSSION**

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of

1

transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

This action is proceeding on Plaintiff's failure to protect claim against Defendant Biter. Plaintiff seeks an order requiring that inmates Chad Elie and William Mathis be brought to court to testify at trial. In support of his request, Plaintiff declares, in pertinent part, the following:

> On October 18, 2011, I was attacked by two Bloods gang member inmates in retaliation for my refusal to participate in Bloods gang activities and my disavowal of gangs and the Bloods, including my filing numerous inmate appeals (602s) earlier in 2011 stating that I was no longer participating in any gang activities and requesting that the gang designation be removed from my C-File.
>
> I was issued a rules violation in connection with the October 18, 2011, assault and I challenged the rules violation at the hearing on the rules violation and told the disciplinary hearing officer that I was attacked because I refuse to represent Bloods activities and that I was defending myself, but the hearing officer rejected my defense.
>
> Chad Elie was with me when I and he were attacked and he can testify to the true nature of what occurred that day.
>
> Chad Elie is also aware of the threats that were directed towards me by Bloods gang members throughout the relevant time period.
>
> The declaration of Chad Elie, which was attached to the opposition to the motion for summary judgment, is the original declaration, which Chad Elie gave to me at California State Prison, Los Angeles County.
>
> Mr. Elie has informed me on several occasions that he would voluntarily be transported to court to testify as a witness for the plaintiff in this case and would voluntarily testify for the plaintiff in this case.
>
> During the period of time from March 2011 through August 1, 2013, I received numerous threats from Bloods gang members and affiliates, telling me, in addition to other threats, that I know what happens to niggers who don't want to represent – the same type of threat that inmate Locklin made to me when he was attacking e in the cell on January 12, 2014.

> From October 18, 2011, through July 2013, the threat from the Bloods was always present; the Bloods gang members at KVSP did not have the opportunity to do anything to me during that period of time because I was conscious of my actions and my surroundings and I would not place myself in situations where I knew they would probably try to attack me.
>
> I am and was aware during all relevant time periods of coordinated attacks and reprisals by the Bloods gang on former Bloods inmates and other inmates in prison, resulting in great bodily injury and death.
>
> During the period of October 2011 through July 2013, in 2013, I was threatened and assaulted by a cellmate; I informed a C/O in the building, Ms. Trotter, about this and she moved me out of the cell and put me in a cell by myself, so it was unnecessary for me to file an inmate appeal or any other documentation.
>
> William Mathis was my cellmate at the time that C/O Trotter moved me into a single cell.
>
> Mr. Mathis relayed to me threats made by the Bloods organization and has personal knowledge of the ongoing threats made against me by the Bloods.
>
> Mr. Mathis is a percipient witness to the threats that I was receiving from Bloods gang members in prison and is aware that I requested that I be housed in a single cell for the reason that I wanted not to be celled with a gang member or a Bloods affiliate.
>
> Mr. Mathis informed me on several occasions that he would voluntarily be transported to court to testify as a witness for the plaintiff in this case and would voluntarily testify for the plaintiff in this case.

(ECF No. 148 at 2-4.)

Defendant does not oppose Plaintiff's motion.  (ECF No. 154.)

After weighting the relevant factors and based on the review of Plaintiff's declaration and lack of opposition, the Court finds that inmates Chad Elie and William Mathis have first-hand knowledge of the incident that occurred in October 2011.  Accordingly, Plaintiff's motion for the attendance of inmates Chad Elie and William Mathis shall be granted.

///
///
///
///
///
///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for the attendance of inmate witnesses Chad Elie and William Mathis is granted, and the Court will issue the necessary writs of habeas corpus ad testificandum in due course.

IT IS SO ORDERED.

Dated: **February 28, 2022**

UNITED STATES MAGISTRATE JUDGE