UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING, SR., <br><br> Plaintiff, <br><br> v. <br><br> M.D. BITER, <br><br> Defendant. | Case No.: 1:15-cv-00414-JLT-SAB (PC) <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS <br><br> (ECF No. 153) |

Plaintiff Larry Donnell King, Sr. is appearing *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion for attendance of incarcerated witnesses, filed February 24, 2022. (ECF No. 153.) Plaintiff did not file an opposition and the time to do has passed. Local Rule 230(l).

**I.**

**DISCUSSION**

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of

1

transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

This action is proceeding on Plaintiff's failure to protect claim against Defendant Biter. Plaintiff contends that, during a classification committee hearing on August 1, 2013, he told Defendant Biter that he did not want to be housed with Blood gang members due to threats he received for not promoting their gang activity. (ECF No. 12 at 6.) Biter alleged ignored Plaintiff's concerns and housing requests. (Id. at 6-7.)

Defendant seeks an order requiring the attendance of inmate Tebow Locklin (CDCR No. T-23959) for trial. Defendant submits that Locklin has actual knowledge of relevant factors as Plaintiff contends that he sustained injuries as a result of Locklin's attack on January 12, 2014-which forms the basis of his failure to protect claim. (ECF No. 12 at 6-8.) In addition, on August 8, 2019, defense counsel took the deposition of inmate Locklin. (Declaration of Alan Romero (Romero Decl.) ¶ 2 & Ex. A [Locklin Dep.] at 1-3.) At the deposition, Locklin testified and described his version of the incident which took place on January 12, 2014-conforming that he was personally involved in the incident. (Id. at 24-25, 27-40.) However, Locklin indicated that he did not want to be involved in the trial, and he refused to testify voluntarily.

After weighting the relevant factors and based on the review of evidence submitted by Defendant, the Court finds that inmate witness Tebow Locklin has first-hand knowledge of the January 12, 2014 incident. Thus, Defendant has sufficiently demonstrated that Mr. Locklin's presence at trial will substantially further the resolution of the case. Accordingly, Defendant's request for the attendance of inmate witness Tebow Locklin shall be granted.

///

///

///

2

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion for the attendance of inmate witness Tebow Locklin (CDCR No. T-23959) is granted; and

2. The Court will issue the necessary writ of habeas corpus ad testificandum as to inmate Tebow Locklin approximately one month prior to the trial date set in this matter.

IT IS SO ORDERED.

Dated: **March 24, 2022**

UNITED STATES MAGISTRATE JUDGE