UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. KING,<br><br>        Plaintiff,<br><br>    vs.<br><br>M. D. BITER, et al.,<br><br>        Defendants. | No. 1:15-cv-00414-JLT-SAB<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO AMEND PRETRIAL ORDER (Doc. 178)<br><br>ORDER GRANTING IN PART DEFENSE REQUEST TO AMEND PRETRIAL ORDER; REQUESTING FURTHER FILING (Doc. 179) |

Plaintiff has moved to amend the Revised Final Pretrial Order by interlineation to add Kristin Kyle, who was listed amongst Defendant's witnesses in the Pretrial Order, (Doc. 160), as K. Kyle, to Plaintiff's list of witnesses. (Doc. 178). Good cause appearing for this unopposed (*see* Doc. 199) request, it is GRANTED.

Defendant simultaneously moved for the court to make three changes to the Pretrial Order. Defendant requests that the deposition of Plaintiff's expert Jay Aguas be identified as a discovery document that may be used at trial by Defendant. In addition, Defendant identified Plaintiff's Responses to Defendants' First Set of Requests for Admissions as an exhibit in their pretrial statement. (Doc. 177 at 14.) Defendant requests that the Pretrial Order be clarified to list this document in the discovery documents section, as it is more appropriately used as a discovery document. Plaintiff does not appear to object to these two requests (*see* Doc. 198), which are reasonable and supported by good cause and are therefore GRANTED.

Finally, Defendant asks the Court to clarify that the parties "may use as exhibits any documents not previously identified on the Pretrial Order relied on by their respective experts and identified in their expert reports or disclosures." (Doc. 179 at 1.) The Court allowed expert discovery to continue through December 15, 2022. (*See* Doc. 160 at 18.) Defendant indicated that he has already identified the relevant expert documents to Plaintiff during the routine exchange of trial exhibits. (Doc. 179 at 2.) Plaintiff, who apparently has the benefit of a list of the documents in question, objects to this request, asserting that many of the documents, including a Defense expert disclosure, expert rebuttal disclosure, and expert reports, are not admissible and therefore are not proper exhibits. (Doc. 198 at 1–2.)

A pretrial order is not generally the place to make specific evidentiary objections; rather, the exhibit exchange process set forth in the Pretrial Order (*see* Doc. 177 at 15–16) explains the procedure the parties should follow to identify exhibits that may be subject to objection. The starting point, however, is the presence of a <u>list of those exhibits in the Pretrial Order</u>. So far as the Court can tell, Defendant has yet to provide the Court with such a list. The Court will not add generic categories of exhibits to the Pretrial Order. Instead, within three days of the date of this order, Defendant shall submit a proposed form of order amending the Pretrial Order with a specific list of documents and the categories (exhibits, discovery documents, etc.) into which those documents fall. Plaintiff shall thereafter have two days to file further objections to the inclusion of that <u>list</u> in the Pretrial Order. Plaintiff's non-objection does not preclude Plaintiff from challenging the admissibility of those documents.

All other aspects of the Pretrial Order remain in effect.

IT IS SO ORDERED.

Dated:   **January 30, 2023**

UNITED STATES DISTRICT JUDGE

2