1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11

LARRY DONNELL KING,                    | Case No. 1:15-cv-00414-JLT-SAB (PC)

12
                        Plaintiff,       | ORDER SUSTAINING PLAINTIFF'S
13                                        | OBJECTIONS TO BILL OF COSTS; GRANTING
            v.                            | DEFENSE REQUEST TO FILE A REPLY TO
14                                        | THE OBJECTIONS; DECLINING TO AWARD
                                          | COSTS TO DEFENDANT
15   M.D. BITER,

16                      Defendant.        | (Docs. 248, 249)

17

18                    **I.   INTRODUCTION**

19          Larry Donnell King, Sr., was a state prisoner proceeding *in forma pauperis* with the

20   assistance of counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. He alleged

21   M.D. Biter, a former Warden of Kern Valley State Prison, violated his civil rights under the

22   Eighth Amendment. Plaintiff asserted that during an inmate classification committee ("ICC")

23   hearing on August 1, 2013, he told Defendant Biter that he did not want to be housed with Blood

24   gang members due to threats Plaintiff received for not promoting their gang activity. Plaintiff

25   alleged Biter ignored Plaintiff's concerns and housing requests, after which Plaintiff was attacked

26   by a gang member.

27          The matter went to jury trial beginning on February 28, 2022. (Doc. 233.) On March 3,

28   2023, the jury returned a verdict in favor of Defendant. (Doc. 244.) Defendant filed his bill of

1

1    costs on March 17, 2023, seeking $4,866.91. (Doc. 247.) Plaintiff filed objections to the bill of

2    costs on April 2, 2023, objecting not to specific cost items but to imposition of any costs under

3    the circumstances, claiming indigence and that imposition of costs could have a chilling effect on

4    other civil rights litigation. (Doc. 248.)[1] Defendant has filed a request (Doc. 249) to file a reply to

5    Plaintiff's objections, which the Court **GRANTS**; in its discretion and in the interest of fairness,

6    the reply attached to the request for leave has been considered. For the reasons discussed below,

7    Plaintiff's objections are **SUSTAINED**, and the Court therefore declines to impose costs upon

8    Plaintiff.

9                            **II.    LEGAL STANDARD**

10       Costs are awarded to the prevailing party in civil actions as a matter of course absent

11   express statutory provision, "unless the court otherwise directs." Fed. R. Civ. P. 54(d). The rule

12   creates a presumption for awarding costs to prevailing parties; the losing party must show why

13   costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir.

14   2003). "Appropriate reasons for denying costs include: (1) the substantial public importance of

15   the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future

16   similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity

17   between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir.

18   2014). This list is not "exhaustive . . . of good reasons for declining to award costs, but rather a

19   starting point for analysis." *Id*. at 1248 (citation and internal quotation marks omitted).

20

21   [1] Defendant asserts that the objections were untimely under Local Rule 292(c). (Doc. 249 at 2.) Local Rule 292(c)
     imposes a seven-day deadline upon "[t]he party against whom costs are claimed" to file any "specific objections to
22   claimed items with a statement of grounds for objection." Taking into consideration any such objections, the Clerk of
     Court then taxes costs. L. R. 292(d). Once costs are taxed, the taxed party may file a motion, again within seven days,
     requesting review by the Court. L.R. 292(e). Because Plaintiff does not advance here any "specific objections" that
23   could be addressed by the Clerk, Local. Rule 292(e) arguably covers the situation. *See Jack v. Pearson*, No. 1:17-CV-
     0520 AWI SAB, 2020 WL 5257605, at *2 (E.D. Cal. Sept. 3, 2020) ("Pursuant to Local Rule 292, the time to file a
24   request for review of the Clerk's cost award runs from the date that the objecting party receives notice of the award.
     See Local Rule 292(e)."); *Maner v. Cnty. of Stanislaus*, No. 1:14-CV-01014-DAD-MJS, 2016 WL 8730741, at *2
25   (E.D. Cal. Oct. 28, 2016) (excusing failure to timely file under 292(c) where taxed party was raising general legal
     objections to taxation of costs); *Sierra Club v. Tahoe Reg'l Plan. Agency*, No. 2:13-CV-00267 JAM, 2014 WL
26   3778274, at *3 (E.D. Cal. July 30, 2014) (excusing failure to timely file under L.R. 292(c) where objections at issue
     could not be addressed by Clerk of Court). Because costs have not yet been taxed, the motion is not untimely. Even if
27   Local Rule 292(c)'s deadline applies, the Court would consider the objections because Defendant has not been
     prejudiced by the very slight delay of just over one week. In addition, Plaintiff explains in his declaration why he did
28   not respond to counsel's communications about this matter in a timely manner. (Doc. 248 at 4 (explaining that he
     was worried about being laid off from work, so "did not get back to [counsel] immediately").)

1                               **III.    DISCUSSION**

2           In his objections, Plaintiff generally argues that awarding costs to Defendant may have a

3    chilling effect on other civil rights litigation. (Doc. 248 at 3.) Specifically, Plaintiff avers that he

4    is of modest means. Plaintiff also argues that even though he did not prevail in her case, it does

5    not mean that his claims lacked merit. (*Id.*) Relatedly, Plaintiff contends that he litigated this case

6    in good faith because he defeated Defendant's motion for summary judgment and conducted

7    extensive discovery. (*Id.* at 3–4.) For all these reasons, Plaintiff argues that Defendant's bill of

8    costs should be denied in its entirety. (*Id.* at 4.)

9           As mentioned, district courts should consider the financial resources of the plaintiff before

10   awarding costs in civil rights cases. "It is not necessary to find that the plaintiffs in question are

11   currently indigent; rather, the proper inquiry is whether an award of costs might make them so."

12   *Rivera v. NIBCO*, 701 F. Supp. 2d 1135, 1143 (E.D. Cal. 2010); *see also Mansourian v. Board of*

13   *Regents of the Univ. of Cal. at Davis*, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. 2008) (refusing to

14   award costs against student plaintiffs, noting their "limited financial resources" and that they were

15   barely able to cover their monthly living expenses). Plaintiff submitted a declaration with his

16   objections indicating that in his last pay period prior to the filing of his objections, he earned

17   $338.27. (Doc. 248 at 5.) His gross earnings this year as of early April were $8,729.37. (*Id.*)[2] A

18   supplemental long-form *in forma pauperis* application filed on May 26, 2023 reveals that Plaintiff

19   earns on average $1,600 per month, has expenses of 1,945 per month, and possesses little to no

20   savings. (Doc 25.) Although Plaintiff is employed, his income is very modest,[3] and he lives

21   "paycheck to paycheck." (Doc. 251.) A costs award of the magnitude requested here would

22

---

23   [2] Because Plaintiff did not initially offer many details about his expenses, the Court directed him to file a long-form
     IFP application. (Doc. 250.) He did not do so by the deadline imposed by the Court. Instead, he filed the long-form
24   application approximately one week late. (Doc. 251.) Counsel has indicated in a declaration attached to the
     completed long-form that Plaintiff lost his laptop and was therefore delayed in complying with the Court's order.
25   (Doc. 251-1.) Considering this explanation, the Court will consider the information therein.

26   [3] "Many courts look to the federal poverty guidelines set by the United States Department of Health and Human
     Services as a guidepost in evaluating in forma pauperis applications." *J.E.S. by Martinez v. Comm'r of Soc. Sec*., No.
27   1:21-CV-000784-NONE-SAB, 2021 WL 2941570, at *1 (E.D. Cal. July 13, 2021). The 2023 federal poverty
     guideline for a household of one is $14,580. *See* HHS Poverty Guidelines for 2023, https://aspe.hhs./poverty-
28   guidelines (last visited May 30, 2023). Though Plaintiff's income ($19,200 per year for his household of one) slightly
     exceeds this level, his monthly expenses exceed his income.

1    undoubtedly be a significant burden. Plaintiff, as Defendant is aware, was recently released from

2    prison, which undoubtedly complicates his financial situation and employment prospects.

3            Consistent with other courts in this District, the undersigned also concludes that the

4    imposition of a $4,866.91 costs award may have a chilling effect on future civil-rights litigation.

5    This factor weighs in favor of denying costs. *See Villareal v. Cnty. of Fresno*, No. 1:15-CV-

6    01410-ADA-EPG (PC), 2022 WL 17630790, at *1 (E.D. Cal. Dec. 13, 2022) (finding chilling

7    effect would result from awarding $1,198.40 costs against a recently incarcerated person);

8    *Berrera v. Sivyer*, No. 2:15-CV-00610-KJM-EFB, 2020 WL 636489, at *1 (E.D. Cal. Feb. 11,

9    2020) (finding chilling effect would result from awarding costs in case where $4,411.33 request

10   had already been reduced to $2,264,03 by the Clerk of Court).

11           Regarding the economic disparity between the parties, the defendants' costs were borne

12   by the State of California, which is in a vastly different financial situation than Plaintiff. This

13   factor weighs in favor of denying costs. *See Aguirre v. California*, No. 16-CV-05564-HSG, 2019

14   WL 3544006, at *7 (N.D. Cal. Aug. 2, 2019) (denying costs in part due to "vast economic

15   disparity between [plaintiff's] resources and those of the State of California"), *aff'd*, 842 F. App'x

16   91 (9th Cir. 2021)

17           Even though Plaintiff did not prevail, the Court finds that Plaintiff's claims present an

18   important issue:  an Eighth Amendment failure to protect claim premised upon an alleged lack of

19   attention to risks posed to prisoners who claim to have disassociated from a gang. There is

20   authority to support a finding that the claims were "close" for purposes of the relevant analysis

21   because the case survived summary judgment in part. (See Docs 131, 133); *see also Draper v.*

22   *Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016) (finding this factor weighed in favor of denying

23   costs where a civil rights case "ultimately turn[ed] on the jury's determination of whose account

24   of the event is more credible"). Here, while the jury ultimately sided with Defendant, this case

25   raised important issues about prison housing of former gang members.

26           Finally, there is no indication that Plaintiff acted in bad faith in pursuing this litigation.

27   Though this factor is not dispositive, *see Van Horn v. Dhillon*, No. 08–CV–01622 LJO DLB,

28   2011 WL 66244, at *6 (E.D. Cal. Jan. 10, 2011) (refusing to deny costs on grounds of good faith

1    "because plaintiff was at all times legally and ethically obligated to act in good faith"), all the

2    other factors weigh at least somewhat in favor of denying costs in this case.

3                              **IV.     CONCLUSION**

4           For all the reasons set forth above,

5           1.      Defendant's request to file a reply to Plaintiff's objections (Doc. 249) is

6                   **GRANTED**.

7           2.      Plaintiff's objections to the bill of costs (Doc. 248) are **SUSTAINED**.

8           3.      The Court **DECLINES** to award costs in this case.

9

10   IT IS SO ORDERED.

11      Dated:    **May 31, 2023**

         UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28